### A. R. Anderson v. John B. Ashe, County Auditor.

No. 1494. Decided January 25, 1906.

**1.—District Court—Jurisdiction—Mandamus.**

The district court had jurisdiction of a suit to require by mandamus the county auditor to countersign in his favor a warrant on the county treasurer for an amount less than one thousand dollars. (P. 451.)

**2.—County Auditor—Commissioners Court—Allowance of Claims.**

In counties having a county auditor under Acts 29th Legislature, chapter 161, the Commissioners'·Court has no power to allow a claim against the county after it has been examined and disapproved by the auditor, and the latter may refuse to countersign the claim after such allowance by the court. (P. 451.)

**3.—Claims Against Counties—Suit—Rejection.**

The rejection of a claim by the county auditor, putting it out of the power of the Commissioners' Court to allow it, amounted to such a rejection of the

claim by that court, though they had, in fact, attempted to overrule the auditor's action by allowing it, as entitled the holder to bring suit upon it as a claim rejected by the court, under article 790, Revised Statutes.   (Pp. 451, 452.)

### 4.—Constitutional Law—Depriving of Remedy.

The legislature could not take away from a party the right to pursue his remedy in the courts upon a claim against the county, unless another remedy was provided.   (Pp. 451, 452.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Fisher, Sears & Sherwood,* for appellant.—The county commissioners' court had ample power and authority, under the law, to allow appellant for guards employed with its approval, and to allow appellant reasonable compensation for taking care of idiots, lunatics and sick prisoners.   Art. 4898, Rev. Stat., 1895; arts. 1094 and 1098, Code Criminal Procedure; McDade v. Waller Co., 3 Wilson Ct. Apps. Civil Cases, secs. 110 and 111; art. 1537, Rev. Stat., as amended 1897, p. 210.

The law gives the county commissioners' court power to "adjust and settle all accounts against the county and direct their payment," and in so doing with appellant's claim they were exercising judicial functions, their judgment was final, and nothing remained but for the auditor to countersign the warrant which had been issued on the commissioners' order and judgment, and the court below should have so required him to do.   Callaghan v. Salliway, 5 Texas Civ. Apps., 239; McDonald v. Farmer, 56 S. W., 556; Vogt v. Bexar Co., 42 S. W., 128; City of Fort Worth v. Davis, 57 Texas, 236; Am. & Eng. Enc. of Law (2d ed.), vol. 7, p. 1003; Freeman on Judgments, vol. 2, secs. 531 and 524; Black on Judgments, vol. 1, secs. 258 and 261.

The Act of the 29th Legislature (Laws 1905, p. 381), creating "county auditors," did not repeal the power of the county commissioners' court to "audit, adjust and settle all accounts against the county and direct their payment," whether such accounts had been examined and "approved" or examined and rejected by the auditor; and neither does said act affect, or detract from, the finality and conclusiveness of the commissioners' judgment, when they have adjusted a claim and ordered it paid.

It will be noticed that the statute does not provide that where the auditor "approves" a claim, that the court must allow it, nor where he rejects, that the court must reject.   And it seems to us that this of itself would show that his functions were purely clerical or ministerial, and that the ultimate settlement or adjudication of the claim remained with the court.   Our district courts have the power to, and often do, appoint auditors to pass on claims, accounts, etc.; but we have never yet heard that where the auditor approved or rejected a claim, this was final and binding on the court.   On the contrary, the court hears his report, and itself rejects or allows the claim.

The evident intent of the act is to have the auditor examine and verify all claims, so that he can explain them to the court; but the act evidences no intention to confer judicial powers upon the auditor, or

to take such powers from the court—whatever the opinion of the auditor may be on his preliminary examination of the claim.

The power is given the court alone to order a claim paid, and to order that a warrant issue upon the order to the treasurer. The law then provides that the warrant shall be countersigned by the auditor—evidently, that he may keep an account of all amounts ordered paid, and that he may see that the amount of the warrants corresponds with the amount ordered paid by the court. In this way the finances of the county are kept by the auditor.

Nor do we believe that it was ever intended that, upon an auditor's refusal to approve a claim, suit could be brought against the county. Art. 790, Rev. Stat., says the county shall not be sued till the commissioners' court has rejected the claim, and this has been held to be a necessary condition. This act has not been repealed directly, and it is inconceivable that the legislature would have impliedly repealed such a long-standing and vital law without directly mentioning it. If it is repealed, not only has the commissioners' court been stripped of its functions, but a new rule as to bringing suits against the county has been instituted, without directly repealing the old law. As the auditor had passed on the claim in suit, and the commissioners' court had allowed the claim, and ordered it paid, and its warrant had issued, which the auditor refused to countersign, we think this suit to require him to perform the ministerial duty of countersigning is clearly within the jurisdiction and province of the court, and that the mandamus should have issued. Luckey v. Short, 1 Texas Civ. App., 5; Am. & Eng. Enc., Pl. & Pr., vol. 13, p. 742.

*J. M. Gibson,* for appellee.—Did the district court have jurisdiction of the cause? This is not now an open question, the amount involved in the suit being for a sum less than $500.00 and more than $200.00. Bigby v. Brantly, 12 Texas Ct. Rep., 325.; Dean v. State, 88 Texas, 290, opinion of court on rehearing; Johnson v. Hanscom, 90 Texas, 328; Lazarus v. Swafford, 39 S. W., 389; McRimmon v. Moody & Co., 87 Texas, 260; Denman v. Coffee, 14 Texas Ct. Rep., November 23, 1905.

The Act of the legislature creating county auditors (Acts 1905, p. 381, et seq.) withdrew from the commissioners' court the power to pass on any claim against the county, unless the claim had been first satisfactorily proven to the auditor to be just and true; and also found to be in due form and a legal obligation of the county.

Our constitution has not given commissioners' court any rights too sacred for reform legislation. They are given (see opinion of the court in Bland v. Orr, 90 Texas, 492, and Mills Co. v. Lampasas Co., 90 Texas, 603) only such powers as the statutes prescribe and no more, and hence, when the law of 1905 provided that the auditor should first pass upon and approve claims, it did not attack any constitutional authority of the commissioners. Hence the former acts must be read as modified by the act of 1905.

The fact that no remedy exists for the sheriff will not affect the case. See the following cases: Cullen v. Latimer, 4 Texas, 331;

Houston, etc., Ry. Co. v. Randolph, 24 Texas, 333; United States v. Guthrie, 17 How. U. S., 303; Auditorial Board v. Arles, 15 Texas, 75; DePoyster v. Baker, 89 Texas, 156; Teat v. McGaughey, 85 Texas, 478. As to the auditor's duties, we apply Judge Roberts' language in Houston, etc., Ry. Co. v. Randolph, 24 Texas, 329.

BROWN, ASSOCIATE JUSTICE.—This is a certified question from the Court of Civil Appeals of the First Supreme Judicial District. The statement and questions are as follows:

"A. R. Anderson, sheriff of Harris County, brought this suit in the district court against John B. Ashe, auditor of that county, to compel him by mandamus to officially countersign a warrant upon the county treasurer for the sum of $225.00, issued to Anderson by order of the commissioners' court of Harris County, for certain items of indebtedness which the commissioners' court had adjudged to be lawful and just and had allowed. It was further alleged in substance that the defendant Ashe was the duly appointed and qualified county auditor of Harris County. It is shown by the averments in the petition that the warrant was regular on its face, was drawn upon the county treasurer, who had in his hands money to the credit of the fund on which it was drawn sufficient to pay it; that it was so presented to the county treasurer of said county, who refused to pay it unless it was countersigned by the county auditor.

"That the law creating the office of county auditor and prescribing his powers and duties requires him to countersign all warrants issued by order of the commissioners' court, and forbids their payment by the treasurer until so countersigned.

"That thereupon the warrant was duly presented to the auditor, with the request that he countersign it; that the auditor refused, on the ground that the claim on which the warrant was based had, in compliance with the law creating his office, been presented to him to be audited and approved prior to its presentation to the commissioners' court for action; that he had investigated the claim, and had refused to approve it on the ground that, in his judgment, the county was not legally liable therefor; that the claim was in fact so presented to the auditor and was rejected by him, but that it was thereafter presented to the commissioners' court, who duly allowed it, notwithstanding the auditor's rejection, and authorized the warrant in question to issue in settlement and discharge of the claim. There were other allegations showing the nature of the items composing the claim on which the warrant was based, and the showing is made that applicant has no adequate remedy at law.

"No relief was sought in the suit except mandamus to compel the auditor to countersign the above described warrant.

"The trial court sustained a general demurrer to the petition, and the plaintiff, refusing to amend, the cause was dismissed. It is before us on the appeal of plaintiff from that order.

"We do not set out the petition at further length because we are of opinion the parts which we have set out in substance are adequate

to the purposes of this certificate and the questions hereinafter propounded.

"We respectfully certify for your decision the following questions:

"First. Did the district court have jurisdiction of the cause?

"If it be held that the district court had jurisdiction, then there arises, among several questions necessary to be decided in determining the sufficiency of the petition, the following, which we also propound:

"Second. Did the commissioners' court of Harris County act within its powers in considering and allowing a valid claim against the county which the auditor had audited and refused to approve?

"Third. Had the county auditor, when called upon to countersign the warrant, the right to inquire into the validity of the claim or account in discharge of which it was issued, and to refuse to countersign it if he concluded that the claim, or any part of it, was not a proper charge against the county, or to refuse to countersign the warrant because he had not theretofore approved the claim?"

We answer the first question in the affirmative. The amount of the claim was not in controversy in this case. The relator did not seek any judgment of the court as to the amount or the validity of his claim, but simply to enforce the performance of a ministerial act enjoined by law upon the auditor. Luckey v. Short, 1 Texas Civ. App., 5.

To the second and third questions, we answer that the county commissioners' court had no power to allow the claim after it had been presented to, examined and disapproved by the auditor. The Act of the 29th Legislature, chapter 161, authorizes the appointment of an auditor in any county in which there may be a city of twenty-five thousand population, and provides as follows: "Section 15. All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meeting of the commissioners' court, and no claim, bill or account shall be allowed or paid until same shall have been examined and approved by the county auditor. It shall be the duty of the auditor to examine and stamp his approval therein, etc." (Laws 29th Leg., p. 383). The language quoted is mandatory, and makes the approval of the auditor a condition precedent to the exercise of jurisdiction over the claim by the commissioners' court. 26th Am. & Eng. Ency. Law, p. 639; Stayton v. Hulings, 7 Ind., 144; State v. Hilmantel, 21 Wis., 574. It follows that the order of the commissioners' court allowing the claim, which was made after the rejection of the claim by the auditor, was void, and the auditor was authorized to refuse to countersign the warrant which was issued under such order.

Art. 790, Rev. Stat., reads as follows: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof." It is claimed that the effect of the Act of 1905 was to prevent the commissioners' court from acting upon relator's claim, and, since he can not sue unless his claim be rejected by the

commissioners' court, he is denied any remedy. If that were the effect of the law of 1905, we would necessarily hold that part of the act to be void, because the legislature could not take away from a party the right to pursue his remedy in the courts, unless another remedy be provided. We conclude that the rejection by the auditor put it out of the power of the commissioners' court to act upon the claim, and amounted to a rejection by that court, bringing it within the terms of article 790 of the Revised Statutes. Under this view of the statutes, the plaintiff in this case had the right to sue the county of Harris to establish his claim against it. This construction preserves the rights of persons having claims against such counties, and enforces the legislative intent.

The legislature, under art. 5, sec. 18, of the constitution, having the power to regulate the jurisdiction of the commissioners' court, had authority to make their jurisdiction depend upon the approval of the auditor, and, having done so, the courts are not authorized to construe the language so as to defeat the purpose of the legislature.