March 28, 1939

Mr. Fred Norris
County Auditor
Polk County
Livingston, Texas

                    Opinion No. 0-426
                    Re:  As to a printed form for
                    requests to purchase supplies
                    under Article 1659 outlined
                    by County Auditor.

Dear Sir:

        Your letter of March 6th wherein you requested an
opinion from this Department, with inclosures, has received
our attention.

        Accompanying the above letter you set out a form
being used in your County, which is substantially as follows:

                    _____ Texas, _____ 19_____

To the Commissioners Court,
Polk County,
Livingston, Texas.

Gentlemen:

        It is desired that I be permitted
to purchase the following supplies from Mr.
_____ of _____, Texas, and your
County Judge be permitted to issue requisition
for same.

                    _____ of _____ of _____

Signed _____   Dept._____

In connection with the above form and with your permission, we restate your question:

"Is the County Auditor within his authority to demand the above form be used in requests for probable supplies in amounts less than $150.00, which may be needed for the future, by a Commissioner and be allowed by the Commissioners' Court subject to the approval of the County Auditor?"

In the light of your letter setting forth the above, the following statutes as pertaining to the duties of a County Auditor, which we think are plain and unambiguous with reference to controlling any unauthorized expenditure of County funds, are as follows:

Article 1659 or relevant portion thereof reads:

"In cases of emergency, purchases not in excess of One Hundred and Fifty Dollars may be made upon requisition to be approved by the Commissioners' Court, without advertising for a competitive bid."

Article 1660 reads:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bills, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

Article 1661 reads:

"He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there

> is attached thereto a requisition signed
> by the officer ordering same and approved by
> the county judge. Said requisition must be
> made out and signed and approved in tripli-
> cate by the said officers, the triplicate to
> remain with the officer desiring the purchase,
> the duplicate to be filed with the county
> auditor and the original to be delivered to
> the party from whom said purchase is to be
> made before any purchase shall be made. All
> warrants on the county treasurer, except
> warrants for jury service, must be counter-
> signed by the county auditor."

We would be unable to say, as a matter of right, that the use of such a form as set out above would be mandatory on the part of a County Commissioner unless possibly the Commissioners' Court adopted such printed request form. The statutes do not set forth or require any particular form of request and we would not assume that this form is to be used in triplicate and take the place of a requisition as provided by statute. The above form certainly, in our view, is not prohibited, but whether approved by the Commissioners' Court or otherwise we do not believe that the failure on the part of an officer to use said form could, in itself, defeat the approval and allowance of purchases made otherwise, in manner and under the provisions set forth in the above statute. An agent duly authorized by the Commissioners' Court to purchase supplies under Article 1580, whether he be one of the commissioners or not, is not relieved of the requirements of Article 1660, supra. This Article has been held mandatory as requiring the approval of the County Auditor, a condition precedent to the exercise of jurisdiction over such claims. Anderson v. Ashe, 99 Texas 447, 90 S. W. 874.

In reference to the opinion to Mr. Joe J. Alsup, Assistant Attorney General, dated February 25th, 1937, rendered to Mr. Howard Anderson, County Attorney, Amarillo, Texas, it appears from a close reading of the opinion, that the authority of the Commissioners' Court under Articles 1580 and 1659, Revised Civil Statutes 1925, was dealt with solely, and the opinion did not attempt to go into the manner required by law for making such purchases. We are unable to construe said opinion as holding that the provisions of Article 1661, supra, are to be disregarded with reference to such purchases by agents or where in cases of emergency it is desired to make purchases not in excess of $150.00, that such requisition to be approved is a different requisition than that provided for in Article 1661 set forth.

As pointed out above, the duties of the County Auditor set forth in the above quoted Articles are, in our opinion, plain and unambiguous and our statutes should be in all cases relied upon for the exercise of authority where they are so worded.

It is, therefore, the opinion of this Department that the use by a county official, of any particular written form of request for probable county supplies to be purchased in the future, where not provided for in the statutes, cannot be said to be mandatory.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WK:bbb

APPROVED:
_____
FIRST ASSISTANT ATTORNEY GENERAL