### HAM v. GARVEY, County Auditor, et al.

### No. 11036.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1941.

A. H. Lumpkin, of San Antonio, for appellant.

John R. Shook, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order of the District Court of Bexar County refusing appellant's demand for a writ of mandamus requiring appellee, E. G. Garvey, in his official capacity as County Auditor of Bexar County, to countersign and deliver to appellant a warrant for the sum of $425, drawn upon the Road and Bridge funds of the County, in accordance with an order of the Commissioners' Court of said County adopted September 3, 1940.

The controlling question under the facts of this case is one of the jurisdiction of the Commissioners' Court. If said Court, in ordering the payment of $425 to appellant, acted within its constitutional or statutory jurisdiction, the act of the Auditor in countersigning the warrant is purely ministerial, although required by the provisions of Article 1661, Vernon's Ann.Civ. Stats. However, if the action of the Commissioners' Court called into question be one unauthorized by law, and consequently outside or beyond the jurisdiction of said Court, the auditor properly refused to countersign the warrant ordered issued by the Court. Cameron County v. Fox, Tex.Com.App., 2 S.W.2d 433.

It appears that on June 4, 1928, appellant, Buster Ham, purchased approximately seven acres fronting on the Fredericksburg road. He conveyed the property to his daughter-in-law, Artie Mae Ham, in

February, 1938. In November of the same year, Artie Mae Ham conveyed two acres out of said tract to N. B. Johnson. These two acres were described by metes and bounds calling for the new line of the Fredericksburg Road (U. S. Highway No. 87). In March, 1939, Artie Mae Ham reconveyed to Buster Ham the seven-acre tract, excepting the two acres conveyed to Johnson. This conveyance recited that Buster Ham had been, at all times mentioned, the true owner of the property.

It appears that about 1929 the right-of-way of the Fredericksburg Road was widened from sixty feet to one hundred feet and fences moved back accordingly. This resulted in there being left a strip of land, about twenty-three feet in width, between the Johnson property, or the new boundary line of the Fredericksburg Road right-of-way, and the old right-of-way line.

In March, 1939, Buster Ham, holding the record title to this strip, filed a claim with the Commissioners' Court of Bexar County for the sum of $744, by reason of the County's having taken the twenty-three foot strip for highway purposes. He also tendered to the County a warranty deed conveying said land to the County.

On September 3, 1940, the Commissioners' Court settled Ham's claim for the sum of $425, and accepted the deed which had been tendered.

The Auditor, acting upon the advice of the Criminal District Attorney of Bexar County, refused to approve the claim or countersign a warrant in payment thereof, apparently upon the ground that the County had acquired title to the strip involved by having had possession of the same for a period of eleven years.

The County of Bexar, through its Criminal District Attorney, in its answer to the application for mandamus, sought to avoid or set aside the Commissioners' Court order of September 3, 1940. The record does not show, however, that this action was authorized by the Commissioners' Court, or that said Court has in any way vacated or attempted to rescind its action of said date.

■ For the reasons hereinafter stated, we do not deem it necessary to determine whether or not the attack made upon the Commissioners' Court order is collateral or direct. It seems to us that the settlement of the Ham claim was a matter over

which the Commissioners' Court had jurisdiction. Articles 2351 and 6674n, Vernon's Ann.Civ.Stats.

■■ If the attack upon the order here presented be considered a direct attack, the evidence is insufficient to support findings which would authorize the district court to set aside the order of the Commissioners' Court. There is no proof of collateral or extrinsic fraud, and "the revisory power of the district court over the judgments of a commissioners' court can only be called into exercise when it acts beyond its jurisdiction or in a clear abuse of the discretion conferred upon it by statute in the matter of the establishment of public roads." Schiller v. Duncan, Tex.Civ.App., 21 S.W.2d 571, 573.

Here the Commissioners' Court, in the exercise of a discretion vested in it by law, settled a legitimate dispute involving, in part, a question of ownership of a strip of land occupied for highway purposes.

The judgment appealed from will be reversed and mandamus issued against the County Auditor, as prayed for by appellant.

Reversed and rendered.