

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 16, 1947

Honorable I. Predecki  
County Auditor  
Galveston County  
Galveston, Texas

Opinion No. V-256

Re: Authority of Commis-
sioners' Court to pur-
chase office furniture
for a county commis-
sioner's office to be
located in his precinct.

Dear Sir:

We refer to your letter of recent date ac-
knowledged by the Attorney General on June 5, 1947,
which reads in substance:

The Commissioners' Court recently
passed an order authorizing the purchase
of desks, tables and seven chairs at an
estimated cost of $546.00.

This office furniture is to be
used by the county commissioner of the
4th precinct which comprises the main-
land of Galveston County, and extends
to the Harris and Brazoria County lines,
and is to be used by such commissioner
in a building located at Dickinson, Gal-
veston County, twenty miles from the
county seat.

Office space for the county com-
missioners was assigned some years ago
in the county court for their use.

Your opinion is requested as to
the legality of the expenditures above
set out.

Article 2348, V. C. S., provides:

"The regular terms of the commission-
ers court shall be commenced and be held at
the court house on the second Monday of each

month throughout the year and may continue
in session one week; provided the court need
not hold more than one session each quarter
if the business of the court does not demand
a session. Any session may adjourn at any
time the business of the court is disposed
of. Special terms may be called by the coun-
ty judge or three of the commissioners, and
may continue in session until the business
is completed."

The powers and authority of the County Com-
missioners' Court are enumerated in the following sever-
al sections of the Constitution:  Article V, Sections 18,
20, 21, 23, 24, 28 and 29.  It is a well-established
principle that the Commissioners' Court has no power or
authority except that conferred on it by the Constitution
or statutes of this state.  Bland v. Orr, 90 Tex. 492,
39 S. W. 558; and Anderson vs. Ash, 99 Tex. 447, 90 S.W.
872; Baldwin v. Travis County, 88 S.W. 484; Von Rosenburg
vs. Lovett, 173 S. W. 528 (writ ref.).  In other words,
the Commissioners' Court is one of limited jurisdiction.
Consequently, it can assert no authority nor exercise any
power unless there be some express or implied statutory
or constitutional grant thereof.

An examination of the laws and cases concern-
ing the powers and the meetings of a Commissioners' Court
reveals no statute specifically authorizing such court to
purchase office furniture to be used by a county commis-
sioner at a place other than the courthouse or at the coun-
ty seat where commissioners' court shall be held, nor do
we find any statute from which such power or authority may
be implied.  See:  Articles 1602, 1603, 1605, 3899, 3899b,
3912e-4, V. C. S.  Furthermore, we are apprised of no
statute authorizing expressly or by implication a commis-
sioners' court to furnish office space or office furniture
to the individual members of a commissioners' court to be
provided or located in their respective precincts.

Accordingly, it is the opinion of this office
that a Commissioners' Court is without authority to pur-
chase office furniture to be used to furnish an office for
a county commissioner whose office is located at a place
other than at the county courthouse or the county seat
where commissioners' court shall be held.  Article 2348,
V. C. S.

## SUMMARY

A Commissioners' Court is without authority to purchase office furniture to be used to furnish an office for a county commissioner whose office is located at a place other than at the county courthouse where Commissioners' Court shall be held.  Article 2348, V. C. S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant


APPROVED

*Price Daniel*

ATTORNEY GENERAL


CEO:WB:jrb