J. C. GUERRA, Appellant,

v.

Gerald WEATHERLY, Appellee.

No. 3364.

Court of Civil Appeals of Texas.

Waco.

May 17, 1956.

Rehearing Denied June 14, 1956.

**494**

Hartley, Lattimore, Alamia & Perkin, Pharr, for appellant.

Gerald Weatherly, Laredo, for appellee.

McDONALD, Chief Justice.

This suit was brought by appellee, as plaintiff below, seeking a writ of mandamus against appellant, as defendant below, commanding defendant as County Auditor to countersign three warrants drawn on the general fund of Starr County, each in the sum of $250, and deliver them to plaintiff, to whom they were made payable. The cause came on for trial in the Starr County Court of Domestic Relations, but was upon motion transferred to the County Court of Zapata County. The County Court of Zapata County sustained plaintiff's motion for summary judgment and ordered the defendant as County Auditor of Starr County to countersign and deliver to plaintiff the three county warrants in question.

Plaintiff is a practicing lawyer and defendant is County Auditor of Starr County. Plaintiff filed this suit by verified petition against defendant to mandamus him to countersign and deliver to him three warrants totalling $750 drawn on the general fund of Starr County. A résumé of the allegations in plaintiff's petition reflects that plaintiff was employed by an order of the Commissioners Court of Starr County to file a suit in behalf of Starr County against the County Auditor thereof (defendant herein) to require him to approve the payment of the salary of a County Road Commissioner appointed by the Commissioners Court, and whose salary the Auditor was refusing to approve for payment. The order of the Commissioners Court employing plaintiff to file and handle the above case provided that he be paid $250 on 16 June 1955; $250 on 1 July 1955, and $250 on 1 August 1955, or a total of $750, as his compensation. The order further provided that the County Treasurer and other proper officers issue plaintiff warrants on the general fund of the county for the $750. The warrants were issued but the defendant County Auditor refuses to countersign them and deliver them to plaintiff. Plaintiff alleges that he filed the suit he was employed to file; that same is pending; that he has diligently prepared same and that his work is reasonably worth $750. Plaintiff prayed for a mandamus to require defendant to countersign and deliver the warrants for the $750 to him.

Defendant filed a plea to the jurisdiction of the court which was by the Trial Court overruled. The cause was thereafter transferred to the County Court of Zapata County, where, as stated, summary judgment was entered for plaintiff, ordering defendant to countersign and deliver the three warrants.

Defendant appeals, contending that: 1) The County Court did not have jurisdic-

tion over this mandamus proceeding to require the County Auditor to perform the ministerial duty of countersigning a warrant. 2) Plaintiff did not sufficiently plead that the claims represented by the warrants had been approved and allowed by the Commissioners Court of Starr County. 3) Plaintiff has not plead that the legal services for which the warrants were issued have been completed. 4) That Starr County should have been a party to the suit. 5) Plaintiff failed to allege any abuse of discretion by defendant in refusing to countersign the warrants. 6) That summary judgment was improperly granted because there was a genuine issue of fact presented by the sworn pleadings.

Defendant in his first point contends that this case was a mandamus proceeding to require the performance of a purely ministerial duty, to wit, the countersigning of the three warrants involved, and that the amount of the claim was not involved nor sought to be adjudicated, and for which reason the District Court and not the County Court had proper jurisdiction.

■ Plaintiff seeks to mandamus the defendant to countersign and deliver to him three warrants of $250 each, being of the total value of $750. Our Supreme Court has held that the County Court has the jurisdiction to issue writ of mandamus in any case where the matter in controversy exceeds $200 and does not exceed $1,000, exclusive of interest. Johnson v. Hanscom, 90 Tex. 321, 37 S.W. 601, 38 S.W. 761; Repka v. American Nat. Ins. Co., Tex. Com.App., 143 Tex. 542, 186 S.W.2d 977; De Witt County v. Wischkemper, 95 Tex. 435, 67 S.W. 882; Ex parte Bryant, Tex., 285 S.W.2d 719; 12 Tex.Law Review 457. The amount in controversy or the matter in controversy must be determined by the value to the plaintiff of the right which he in good faith asserts in his pleading that sets forth the operative facts which constitute his cause of action. 36 C.J.S., Federal Courts, § 310, p. 528; Dobie Fed. Jurisdiction and Procedure, p. 153; Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174.

■ Here the plaintiff seeks to have countersigned and delivered to him three warrants of the total value of $750, which amount is clearly within the jurisdiction of the County Court. Under the authorities cited, plaintiff's cause of action was within the jurisdiction of the County Court.

■ Defendant's 2nd point contends that plaintiff did not sufficiently plead that the claims represented by the warrants had been approved and allowed by the Commissioners Court; and in his 3rd point contends that plaintiff did not plead that the legal services for which the warrants had been issued had been completed. Plaintiff quoted verbatim the order of the Commissioners Court which is in the record and verified as such. Such order employs and directs plaintiff to file a lawsuit on behalf of the County and directs that he be paid $750 unconditionally and forthwith ($250 on 16 June 1955, $250 on 1 July 1955 and $250 on 1 August 1955). Issuance, delivery and payment of the warrants was not to be delayed until, nor conditional on completion of the suit plaintiff was employed to file.

Defendant's 4th point complains that Starr County was not a party to the suit, and his 5th point contends that plaintiff failed to allege any abuse of discretion on the part of defendant in refusing to countersign the warrants.

■ It is our view that Starr County was not a necessary party to the suit, and further, that plaintiff's allegations that he had a contract of employment in which the Commissioners Court by order ordered the $750 in warrants to be issued to him as compensation for his services and that defendant refused to countersign them, is sufficient.

Defendant's last point contends that a summary judgment should not have been granted because there is a genuine issue of fact presented by the sworn pleadings.

Plaintiff's sworn pleading sets forth in full the order of the Commissioners Court employing him to file the suit against the

County Auditor, and setting his compensation therefor at $750 and ordering warrants issued forthwith on the general fund in payment thereof. Plaintiff alleges that he has prepared and filed the lawsuit that he was employed to file and that same is pending; and that defendant refused to countersign and deliver the warrants ordered by the Commissioners Court in payment for his services.

Issuance of the warrants was to be *"forthwith"* and their payment was not to be delayed until or conditioned on completion of the suit plaintiff was employed to file.

The Commissioners Court has authority to cause suits to be instituted in the name of and for the benefit of the county —and has the authority to employ private counsel therefor. Looscan v. Harris County, 58 Tex. 511; Travis County v. Matthews, Tex.Civ.App., 235 S.W.2d 691 (Er. Ref. NRE); 11 Tex.Jur. p. 615.

The Commissioners Court issued an order employing plaintiff and ordering the payment of $750 as his compensation. The order of the Commissioners Court has the force and effect of a judgment, and if relating to matters within its jurisdiction, is presumably valid and not subject to collateral attack. Rodriguez v. Vera, Tex.Civ.App., 249 S.W.2d 689. A Commissioners Court order is reviewable only upon appeal or in direct action for that purpose unless it is void. 11 Tex.Jur. 567; Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472, Er. Ref.

The order of the Commissioners Court in the instant case is not void. It was to employ an attorney to bring a suit to uphold certain actions taken by the Commissioners Court. The order was not appealed to the District Court for review by that court, nor has a suit been instituted making a direct attack on the order. The order is one over the subject matter of which the Commissioners Court has jurisdiction. The order is lawful; the act of employing plaintiff to bring the litigation was lawful; the order to pay plaintiff for his services is lawful. If official acts of members of a Commissioners Court are lawful, any improper motive or bad faith in thus acting is wholly immaterial. Travis County v. Matthews, Tex.Civ.App., 235 S.W.2d 691, W/E Ref. NRE.

It is our view that there is no genuine issue of fact presented by the sworn pleadings.

Mandamus is the proper remedy to obtain the relief herein sought by plaintiff. See: Ham v. Garvey, Tex.Civ.App., 155 S.W.2d 976, no writ history; Chrestman v. Tompkins, Tex.Civ.App., 5 S.W.2d 257, Er. Ref.

All of defendant's points are overruled and the judgment of the trial court is affirmed.