Loyd LOVELL, Sheriff, et al., Appellants,

v.

J. A. BYNUM, County Auditor, Appellee.

No. 10571.

Court of Civil Appeals of Texas.

Austin.

May 7, 1958.

Rehearing Denied June 11, 1958.

J. B. Sallas, Crockett, for appellants.

Kennedy & Granberry, Crockett, for appellee.

HUGHES, Justice.

Loyd Lovell in his capacity as Sheriff of Houston County and Kenneth Davis, a minor, acting through his next friend, M. O. Davis, appellants, brought this suit against J. A. Bynum in his official capacity as County Auditor of Houston County.

Appellants alleged that on April 22, 1957, the Commissioners' Court of Houston County regularly passed the following motion:

"Motion was made by O. H. McClain seconded by Charlie Allen that the Budget of 1957 be amended to include $500.00 for a night Dispatcher for the Sheriff's office, same being an unforeseen emergency arising due to reduction of the City Police Force, and the Sheriff is authorized to hire a night dispatcher at a salary of $62.50 per month provided the City of Crockett matches same for salary. Motion carried by three Yea's and two No's."

They further alleged:

"Pursuant to such Motion, the proper officials of the City of Crockett, Texas, together with relator Loyd Lovell, employed Kenneth Davis, to serve as Night Dispatcher and such employee

has now served longer than one month; that a proper warrant on the salary account of Houston County, Texas, properly signed by the County Judge and three of the Commissioners, in the amount of $62.50 was presented to respondent for his approval, but respondent refused to approve such warrant in the amount herein stated and has stated that he will not in the future approve such warrants."

Full compliance by the City of Crockett and the existence of three similar vouchers or warrants payable to Kenneth Davis was alleged.

Appellants prayed for the following relief:

"* * * that mandamus issue requiring respondent to approve the four vouchers that have been issued and made payable to the relator Kenneth Davis and that he further be required to approve any additional vouchers that said Kenneth Davis might be entitled to receive as a result of his employment as Night Dispatcher in the Sheriff's Office."

Appellee answered by challenging the presence of any justiciable interest in the Sheriff in this controversy authorizing him to maintain this suit and by pleading these defensive matters: (a) the April 22, 1957, amendment to the budget was invalid in that no funds were available or made available for the purpose of the amendment and it could not be reasonably calculated that such funds would become available therefor (b) Kenneth Davis has not furnished the county with information required by Federal law regarding withholding of income taxes (c) M. O. Davis, father of Kenneth Davis, has "waived" or released the claim sued upon it being alleged that M. O. Davis is the real owner of the claim since Kenneth Davis is an unemancipated minor.

Appellee moved for a summary judgment upon the pleadings[1] on the ground that

1. The pleadings of all parties were sworn pleadings.

they disclosed no genuine issue as to any material fact. Appellants opposed the motion on the ground that such issues were present.

Appellee's motion for summary judgment was granted and judgment was rendered that appellants take nothing by their suit.

Without determining the validity of the defenses urged by appellee it is our opinion that the Trial Court correctly rendered judgment denying appellants the only relief sought by them, towit, the issuance of a writ of mandamus against appellee, the County Auditor.

In Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216, 219 the Court stated the rule applicable in mandamus cases as follows:

"The rule is well established that mandamus does not lie where relator has another plain, effective, and adequate remedy to obtain the relief to which he may be entitled. Ordinarily a writ of mandamus must be the last resort, and it will be refused if there be another remedy which is effective and complete."

The claim which appellants seek payment of is a claim against Houston County.

Before suit may be maintained against a county for a claim against it the claim must have been presented to the Commissioners' Court for allowance or rejection except in counties having a County Auditor in which case presentment to and rejection by the County Auditor is a sufficient predicate for a suit against the county. Art. 1573, Vernon's Ann.Civ.St.; Anderson v. Ashe, 99 Tex. 447, 90 S.W. 872.

Appellee having refused to approve the claim of Kenneth Davis his remedy was to bring suit against Houston County. Wyatt Metal & Boiler Works v. Lipscomb, Tex.CivApp., 87 S.W.2d 331, 333, Texarkana Court of Civil Appeals, writ refused. This case is directly in point. It was an action to compel, by mandamus, the County Auditor to approve a claim previously rejected by him. We quote from that opinion:

"In the light of the above authorities, it is clear that the plaintiff in error had a right to file suit to establish its claim against the county when the auditor refused to approve its claim, but the courts will not compel by mandamus an auditor to approve such a claim. * * The relief sought in this proceeding is a mandamus only, and we are not here concerned nor called upon to determine the rights of plaintiff in error to any other relief. To grant the mandamus in this suit would have the effect of forcing Fannin county to pay a claim which had not been approved by any one with power to allow the same, since such claim was rejected by the county auditor and the commissioners' court had no jurisdiction to allow it, and their attempted approval was a nullity."

The judgment of the Trial Court is affirmed.

Affirmed.

## On Appellants' Motion for Rehearing

Appellants distinguish the authority upon which we principally relied in our original opinion, Wyatt Metal & Boiler Works v. Lipscomb, on the ground that there the action of the Commissioners' Court was void and that the nature of the claim asserted was one which required approval by the Auditor before it could be allowed by the Commissioners' Court.

They cite as controlling Chrestman v. Tompkins, Tex.Civ.App., 5 S.W.2d 257, 262, Dallas Civil Appeals, writ refused. This was a mandamus proceeding by Chrestman against the Auditor of the City of Dallas to compel him to countersign a warrant for $500 to be paid him on the order of the Board of Education of the city for legal services rendered by him under employment by the Board. The Auditor had de-

clined to countersign the warrant solely on the ground that the Board could not legally employ counsel. Disagreeing with this the Court held his duty to countersign the warrant was ministerial in nature saying:

"In this situation it is not necessary for us to determine the scope of the discretion committed to the auditor; it being only necessary for our present purpose to decide whether or not he was empowered to exercise the discretion attempted. In regard to this, we are of the opinion that he was not given, under any provision of the city charter, the right to veto the action of the board of education. The duty he was called upon to perform under the circumstances was purely ministerial, and, as the claim was acknowledged, the amount thereof definitely ascertained and certain, it was his plain duty to countersign the warrant authorizing its payment."

The Court went on to hold that the legal remedy was inadequate saying:

"As heretofore shown, there was no controversy over any matter except as to the legal authority of the board of education to incur the indebtedness and pay for same out of the general school fund of the city. Relator's fee had been earned, it was then due, the board of education was willing to pay, and for that purpose had authorized the issuance of the warrant. Relator was entitled to have his fee paid at once without being forced to pursue the circuitous route of a suit in court to establish the claim, with the expense and delay necessarily incident to such a course.

"If the auditor, for the reason stated, is permitted to refuse approval of this claim, clothed as it is with indisputable evidence of validity and correctness, and thus compel the institution of a suit for its establishment by judgment before meriting his approval, he could,

if in an arbitrary mood, likewise withhold approval from every warrant issued by authority of the board of education for the payment of salaries of officers, teachers, and employees, to the utter demoralization of the school system of the city."

Also cited by appellants is the case of Guerra v. Weatherly, Tex.Civ.App., 291 S.W.2d 493, Waco Civil Appeals. This was a suit to compel the County Auditor to countersign warrants issued to pay attorneys fees as authorized by order of the Commissioners' Court. A summary judgment was rendered and in affirming such judgment the Court held the order was valid and that there was no genuine issue of fact presented. Under such circumstances the Court held mandamus to be a proper remedy citing in addition to Chrestman, supra, Ham v. Garvey, Tex.Civ.App., 155 S. W.2d 976, San Antonio Civil Appeals. This was a suit to compel the County Auditor to countersign a warrant drawn on the Road and Bridge Fund of the county. The Court said:

"The controlling question under the facts of this case is one of the jurisdiction of the Commissioners' Court. If said Court, in ordering the payment of $425 to appellant, acted within its constitutional or statutory jurisdiction, the act of the Auditor in countersigning the warrant is purely ministerial, although required by the provisions of Article 1661, Vernon's Ann.Civ.Stats."

Upon deciding the jurisdictional issue adversely to the Auditor the Court ordered issuance of the writ of mandamus against him.

In addition to the requirement of Art. 1661 making it the duty of the Auditor to countersign certain warrants, Art. 1666, V. A.C.S., requires the County Auditor to perform certain duties regarding the County Budget including the duty to "* * * carefully keep an oversight of same to see that the expenses of any department do

not exceed said budget appropriations * * *." 1.

We quote from appellee's sworn answer, upon which his motion for summary judgment was based:

"Respondent says that on April 22, 1957, the date of the purported order of the Commissioners Court of Houston County, Texas, (quoted in paragraph II of Relator's original petition) amending the budget of Houston County, Texas, for the year 1957, has the effect of budgeting 1957 expenditures from the officers salary fund of Houston County, Texas, which total expenditures as budgeted by such amendment exceeds the budgeted income for such period for such fund and because of this the Commissioners Court of Houston County, Texas, has no jurisdiction to amend the 1957 budget of said county so as to increase the 1957 expenditures from such fund without first providing additional income for such fund sufficient to bring the income from such fund up to and equal to the expenditures therefrom. In this connection, Respondent says that there are no funds in said fund in excess of those contained in the original 1957 budget and that Houston County does not have in its possession, nor can it be reasonably calculated to have within its possession during the year 1957 funds in its officers salary fund sufficient to meet the expenditures budgeted therefrom in the original 1957 budget, and for these reasons Respondent has heretofore and does now respectfully refuse to approve the May 1957 salary voucher of Kenneth Davis which is attached to Relator's Original Petition,

because should Respondent approve same he would be violating both Constitutional and Statutory provisions forbidding deficit spending."

 Considering these sworn allegations and the duty enjoined upon appellee by Art. 1666 respecting the budget which provoke questions of law and fact as well as other questions of fact and law referred to in our original opinion we adhere to our conclusion that in this case the County Auditor had more than a ministerial duty to perform in countersigning the warrants in question.

The motion is overruled.

Motion overruled.

---

1. Art. 1666a, V.A.C.S., applicable to Auditors in counties of over 225,000 population provides that valid contracts for services or materials

" * * * shall nevertheless not become effective and binding unless and until there has been issued in connection with such item the certificate of said County Auditor that ample budget provision has been made in the budget therefor and funds are, or will be, on hand to pay the obligation of the county or officer when due."

See an excellent article appearing in the Fort Worth Star Telegram, 6–1–58, "Auditor is Watchdog of Tarrant Treasury" by Harley Pershing.