Leonard SANTOYA, in his capacity as Justice of the Peace for Precinct 1 of Maverick County, and Cesar Iracheta, in his capacity as Justice of the Peace for Precinct 3 of Maverick County, Texas, Appellants,

v.

Carlos A. PEREDA, Jr., in his capacity as County Auditor of Maverick County, Texas, Appellee.

No. 04–00–00825–CV.

Court of Appeals of Texas, San Antonio.

Jan. 16, 2002.

Rehearings Overruled Feb. 11 and March 18, 2002.

David Riojas, Javier Riojas, Texas Rural Legal Aid, Inc., Eagle Pass, for appellants.

Alejandra I. Villarreal, Ron H. Mata, Wickliff & Hall, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, KAREN ANGELINI, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

Leonard Santoya, in his capacity as Justice of the Peace for Precinct 1 of Maverick County ("Santoya") and Cesar Iracheta, in his capacity as Justice of the Peace for Precinct 3 of Maverick County, Texas ("Iracheta") appeal a summary judgment granted in favor of Carlos A. Pereda, Jr., in his capacity as County Auditor of Maverick County, Texas ("Pereda"). The summary judgment was granted based on the trial court's finding that Pereda did not abuse his discretion in refusing to pay the increased salaries to Santoya and Iracheta set forth in a Compromise and Settlement Agreement between Santoya, Iracheta, and the Commissioners' Court of Maverick County, Texas ("Commissioners' Court"). We reverse the trial court's judgment and render judgment ordering Pereda to pay Santoya and Iracheta in accordance with the terms of the settlement agreement.

## BACKGROUND

In 1999, the Commissioners' Court raised the salaries of Santoya and Iracheta to $13,000; however, it raised the salaries of two other justices of the peace to $23,000. The Commissioners' Court justified the salary differential based on the greater amount of revenue collected by the other two justices from traffic fines. Although Santoya and Iracheta sought a hearing before the salary grievance committee,[1] the salary grievance committee determined that the notice provided by Santoya and Iracheta was untimely and refused to grant them a hearing.

After unsuccessfully attempting to resolve the dispute without litigation, Santoya and Iracheta filed suit against the Commissioners' Court alleging that the Commissioners' Court had acted illegally in basing their compensation on the amount of traffic fines they collected. After the lawsuit was filed, the county judge was informed by the attorney general's office that the Texas Transportation Code prohibits basing the compensation of jus-

---

1. See TEX. LOCAL GOV'T CODE ANN. § 152.016 (Vernon 1999).

tices of the peace on the amount of revenue generated in traffic fines.[2] In view of that information, the Commissioners' Court voted to settle their dispute with Santoya and Iracheta. A letter agreement dated November 19, 1999, was signed by the attorneys for the parties, documenting a settlement agreement that had been reached on November 17, 1999.

In accordance with the terms of the settlement agreement, Santoya and Iracheta filed a motion to dismiss their lawsuit on November 22, 1999. On November 24, 1999, the trial court entered an order dismissing the lawsuit with prejudice, noting "the Court having been fully informed in the premises finds that all things in controversy having been fully comprised and settled by and between the parties." On January 14, 2000, the trial court signed the compromise and settlement agreement containing the terms of the settlement stating "IT IS SO ORDERED, ADJUDGED AND DECREED." On February 1, 2000, the trial court signed an order vacating its January 14, 2000, order because it had lost plenary jurisdiction on December 24, 1999.

On March 7, 2000, Pereda, without the authority of the Commissioners' Court, informed Santoya and Iracheta that the salary paid based on the settlement agreement was not authorized because the trial court vacated its order. When Santoya and Iracheta did not reimburse the county for the alleged "overpayment," Pereda deducted the "overpayment" from their subsequent payroll checks.

Santoya and Iracheta filed a petition for writ of mandamus in the trial court seeking to compel Pereda to compensate them in accordance with the terms of the settlement agreement. Pereda filed a motion for summary judgment, asserting that be-

cause Santoya and Iracheta did not have a valid district court order setting aside the budgeted salaries or a salary grievance recommendation increasing their salaries, their entitlement to the increased salaries was not clearly established. Pereda testified in his deposition that his duty to pay the increased salaries would have been clearly established if the trial court's order stating that the terms of the compromise and settlement agreement are "ordered, adjudged and decreed" had not been set aside. Santoya and Iracheta filed a counter motion for summary judgment and provided affidavits establishing that the Commissioners' Court considered itself bound by the settlement agreement and that Pereda was acting without the authority or consent of the Commissioners' Court. The trial court granted Pereda's summary judgment finding that Pereda "did not abuse his discretion in refusing to pay the increased salaries."

### STANDARD OF REVIEW

A writ of mandamus will issue to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* A writ of mandamus generally will not issue to compel a public official to perform an act which involves an exercise of discretion. *Id.* However, this rule is not without exception-a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official. *Id.*

The party moving for summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *Rhone–Poulenc, Inc. v. Steel,* 997

---

2. *See* TEX. TRANSP. CODE ANN. § 720.002 (Vernon 1999).

S.W.2d 217, 223 (Tex.1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

When competing motions for summary judgment are filed, and one is granted and the other denied, the reviewing court must review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). We are required to consider all summary judgment grounds the trial court ruled on and the movant preserved for appellate review that are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

## DISCUSSION

Mandamus relief is available if a plaintiff proves that he is entitled to payment as a matter of law and an auditor withholds payment without legal justification. *Smith v. McCoy,* 533 S.W.2d 457, 460 (Tex.Civ.App.-Dallas 1976, writ dism'd); *Ham v. Garvey,* 155 S.W.2d 976, 977 (Tex.Civ.App.-San Antonio 1941, no writ). Pereda contends that he had a legal justification for withholding payment because the salary increases were not approved by the salary grievance committee or court order. However, Pereda does not cite any legal authority to support his position that the Commissioners' Court did not have the authority to settle a pending lawsuit involving a claim regarding the illegality of the court's action in setting a salary.

Clearly, a commissioners' court has the general authority to settle pending lawsuits. *See* TEX. LOCAL GOV'T CODE ANN. 115.021 (Vernon 1999); *County of Bexar v. Garcia,* 974 S.W.2d 107, 109 (Tex.App.-San Antonio 1998, no pet.) (noting possibility of settlement by commissioners' court as reason for presentment requirement); Op. Tex. Att'y Gen. No. LO–98–103 (1998) (noting authority of commissioners' court to settle lawsuit). If this were not the case, a county, which can act only through its commissioners' court, would never be able to resolve litigation through settlement. *Nueces County v. De Pena,* 953 S.W.2d 835, 836 (Tex.App.-Corpus Christi 1997, no pet.).

Pereda's position appears to be that in the absence of a formal order by a trial court adopting the provisions of a settlement agreement entered into by a county, the settlement agreement does not establish the legal right to payment thereunder. However, a trial court has discretion in incorporating the terms of a settlement agreement into a final decree. TEX. CIV. PRAC. & REM.CODE ANN. 154.071(b) (Vernon 1999). The incorporation of the terms of the settlement agreement into a court decree is not a prerequisite to the enforceability of the agreement. TEX. CIV. PRAC. & REM.CODE ANN. 154.071(a) (Vernon 1999). The settlement agreement was legally enforceable when the parties reached a settlement and executed the written agreement. *Id.* Furthermore, the trial court impliedly adopted and approved the terms of the settlement agreement on November 24, 1999, by dismissing the lawsuit filed by Santoya and Iracheta based on the terms and conditions of the settlement agreement. The trial court's order vacating its subsequent signature on the final settlement agreement does not vacate its initial action dismissing the underlying lawsuit based on the terms and conditions of the parties' settlement agreement, thereby recognizing the validity of that agreement.

Chapter 152 of the Texas Local Government Code establishes the general procedure for setting salaries of elected

officials through the budgetary process. No provision in chapter 152 precludes a commissioners' court from resolving litigation involving the legality of a salary in a peaceable manner. In fact, such a provision would be directly contrary to the state's policy of encouraging the peaceable resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. TEX. CIV. PRAC. & REM.CODE ANN. 154.002 (Vernon 1999); *Elbaor v. Smith,* 845 S.W.2d 240, 250 (Tex.1992). Accordingly, Pereda failed to conclusively establish a legal justification for withholding payment. Since Santoya and Iracheta established their entitlement to payment as a matter of law, they were entitled to mandamus relief.

CONCLUSION

The trial court's order is reversed. Judgment is rendered ordering Pereda to pay Santoya and Iracheta in accordance with the terms of the settlement agreement between the Commissioners' Court, Santoya and Iracheta.

Dissenting opinion by: KAREN ANGELINI, Justice.

I respectfully dissent.

A mandamus cannot issue to compel an official to perform a discretionary act. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991). Because County Auditor Carlos A. Pereda, Jr. was performing a discretionary act when he refused to pay the increased salaries to Leonard Santoya and Cesar Iracheta, I would affirm the judgment of the trial court.

Section 112.006 of the Texas Local Government Code grants the county auditor "general oversight of the books and records" of county offices and charges the auditor with the "strict enforcement of the law governing county finances." TEX. LOC.

GOV'T CODE ANN. § 112.006 (Vernon 1999). "In a county with a county auditor, the county treasurer and the county depository may not pay a check or warrant unless it is countersigned by the county auditor *to validate it as a proper and budgeted item of expenditure.*" *Id.* § 113.043 (emphasis added). Further, section 113.064 mandates,

> (a) In a county that has the office of county auditor, each claim, bill, and account against the county must be filed in sufficient time for the auditor to examine and approve it before the meeting of the commissioners court. A claim, bill, or account may not be allowed or paid *until it has been examined and approved by the auditor.*
>
> (b) The auditor shall stamp each approved claim, bill, or account. If the auditor considers it necessary, the auditor may require that a claim, bill, or account be verified by an affidavit indicating its correctness.

*Id.* § 113.064(a)-(b) (emphasis added). "The county auditor may not audit or approve a claim unless the claim was incurred as provided by law." *Id.* § 113.065. Thus, pursuant to the Texas Local Government Code, "the approval of the auditor is a condition precedent to the exercise of the commissioners court's authority to order payment of claims." *Smith v. McCoy,* 533 S.W.2d 457, 459 (Tex.Civ.App.-Dallas 1976, writ dism'd) (citing *Anderson v. Ashe,* 99 Tex. 447, 90 S.W. 872, 873 (1906)). This statutory authority granted to the auditor creates "a delicate system of checks and balances" to protect the county's funds. *Id.* While the commissioners court has the authority to expend county funds, it may not do so without the approval of the auditor "whose approval may not be arbitrarily withheld." *Id.* Likewise, the auditor has no authority to order the expenditure of county funds without the approval of the

commissioners court. *Id.* "[T]hese statutory requirements make the approval of a claim against the county (or a payment thereof) a discretionary act of the auditor rather than a mere ministerial act." *Id.* "To hold [otherwise] would remove one of the safeguards in this system of checks and balances and would permit a commissioners court to disburse county funds without restraint." *Id.*

In the instant case, the auditor withheld his approval based on his reading of chapter 152 of the Texas Local Government Code and article V, section 8 of the Texas Constitution. Section 152.011 of the Texas Local Government Code mandates that the commissioners court shall set the amount of the compensation for county and precinct officers. TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). Section 152.013 describes the procedure for setting amounts of compensation for elected officers:

(a) Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers. The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings.

(b) Before the 10th day before the date of the meeting, the commissioners court must publish in a newspaper of general circulation in the county a notice of:

(1) any salaries, expenses, or allowances that are proposed to be increased; and

(2) the amount of the proposed increases.

(c) Before filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget.

*Id.* § 152.013.[1] The Attorney General has interpreted this section to require that salaries of elected county and precinct officers be set during the regular budget hearing. "It is clear that since the county attorney is an *elected official,* the salary for that office may be considered and adopted only during the regular, annual budget hearing and adoption proceedings." Op. Tex. Att'y Gen. No. JM–839 (1988) (emphasis added); *see also id.* No. JC–0147 (1999) ("The salaries of employees and non-elected county officers may be changed by a budget amendment at any time, while the salaries of elected officers may be changed only once a year, 'during the regular budget hearing and adoption proceedings.' "). Santoya and Iracheta's increase in salary was not adopted through the budget process.

Besides chapter 152, the only other means of increasing the salary of an elected official is through an order by a district court. *See* TEX. CONST. art. V, § 8 ("The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court…"). On November 22, 1999, Santoya and Iracheta filed a motion to dismiss their lawsuit against the commissioners court with prejudice, informing the trial court that the parties had settled. The trial court dismissed the lawsuit on November 24, 1999. After the trial court lost plenary power, it signed an order approving the settlement agreement. On February 1, 2000, it vacated this order, noting that it had no authority to sign the order. Therefore, there is no court order directing

---

**1.** Additionally, section 152.016 outlines the procedure for an elected county or precinct officer to complain about the setting of his or her salary to the Salary Grievance Commit- tee. TEX LOC. GOV'T CODE ANN. § 152.016 (Vernon 1999). Appellants' request for a hearing before the Salary Grievance Committee was denied for being untimely.

Pereda that Santoya and Iracheta's claim was valid. All that was established as a matter of law was that the commissioners court had entered into a settlement agreement. However, the commissioners court does not have authority to unilaterally increase the salary of an elected official. *See* TEX. LOC. GOV'T CODE ANN. §§ 113.043, 113.064 (Vernon 1999); *Smith,* 533 S.W.2d at 459. As such, Santoya and Iracheta did not establish the validity of their claim as a matter of law. *See Smith,* 533 S.W.2d at 460 ("[W]hen a plaintiff proves that he is entitled to payment *as a matter of law,* and, when there is no legal justification for the auditor withholding approval of the claim or payment thereof, mandamus will lie.") (emphasis added). When presented with a difficult legal question, an auditor acts within his official discretion to deny a claim and to require that its validity be established in a court of law. *See id.* at 459–60. I would hold that Pereda, faced with a difficult legal question, was acting within his discretion. As such, the trial court properly granted summary judgment in favor of Pereda.

For the above reasons, I dissent and would affirm the judgment of the trial court.