## FALLS COUNTY v. BOZEMAN. (No. 6557.)

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1923. Rehearing Denied April 4, 1923.)

1. **Counties 🔑223—Order of commissioners' court held admissible to show sale of county farm was by the acre.**

In a suit by the purchaser of a county poor farm against the county for a deficiency in the acreage of the farm, an order of the commissioners' court directing a refund to the plaintiff and reciting that the commissioners had advertised the farm as containing the full acreage, and they and the purchasers believed it did contain such acreage, was admissible to sustain plaintiff's contention that the land was sold by the county upon an acreage basis, though it was not binding on the county, because the claim had not been first presented to the auditor.

2. **Counties 🔑223—Statements by county judge price would be adjusted to acreage after survey held admissible.**

In an action by the purchaser of a county farm for deficiency in acreage, evidence that the judge who acted as auctioneer for the county stated at the time of the sale that it would be made on the basis of the advertised acreage with the understanding that the price would be adjusted on that basis after the acreage was determined by survey was admissible.

**3. Appeal and error ⬿216(1)—Failure to instruct order of a commissioners' court was not finding as to liability held not affirmative error in absence of request.**

Where an order of the commissioners' court was properly admitted as an admission by defendant county, but was not binding on the county because the claim had not been submitted to the auditor, the failure to instruct the jury that the order was not binding was not an affirmative error, and does not require reversal where defendant made no request for an instruction to that effect.

**4. Counties ⬿213—Claimant can sue after rejection of claim by auditor without presenting claim to commissioners' court.**

In counties having an auditor the commissioners' court has no jurisdiction to allow a claim until it has been approved by the county auditor, and, when a claim has been presented to the auditor and rejected by him, that is equivalent to a rejection by the commissioners' court, and the claimant can then bring suit thereon against the county without presenting the claim to the commissioners' court.

**5. Counties ⬿110—County held liable to purchaser of county farm for shortage in acreage.**

Where a county advertised its poor farm for sale as containing a stated acreage, and at the sale the county judge, who acted as auctioneer, stated the bidding would be on the basis of the acreage, and the price adjusted on that basis after survey determined the acreage, the purchaser was entitled to recover from the county for a shortage in the acreage at the rate fixed by the amount of his bid for the advertised acreage.

Appeal from District Court, Falls County; Prentice Lotrof, Judge.

Action by W. H. Bozeman against Falls County. Judgment for plaintiff, and defendant appeals. Affirmed.

H. O. Jennings and C. R. Glass, both of Marlin, for appellant.

Frank Oltorf, of Marlin, for appellee.

KEY, C. J. The following statement of the nature and result of this suit is copied from appellant's brief:

"W. H. Bozeman was the highest bidder for the 'County Poor Farm,' which was sold by the county for $6,500. The auction was held on October 1, 1919. The county judge had advertised the same as containing 105 acres. Several days after the auction the commissioner's court authorized and directed that a deed to 'the County Poor Farm' be executed conveying to W. H. Bozeman said property, upon his paying to Falls county the sum of $6,500. Thereafter the county judge, in preparing the deed, found that the deed to Falls county contained only 99½ acres, and not 105. The deed was executed conveying 99½ acres to W. H. Bozeman. He accepted the deed and paid the $6,500 to the county. Thereafter during the year 1920 he went to the commissioners and had a verbal agreement with them to have the land surveyed, and he claimed that he understood that the commissioners would pay him the difference between 105 acres and the amount of acreage actually contained. The land was thereafter surveyed and found to contain 95½ acres. Then the court, in final settlement of any claim Bozeman had against the county, allowed his claim for the sum of $340.45. This order was entered on the minutes of the court January, 1921. The county auditor refused to pay said claim because it had not been presented to him, or allowed by him, as required by law, and had not been audited by him. The auditor had not seen the claim until after it was allowed. Bozeman then filed a claim with the auditor for the sum of $581.86, which was rejected by the county auditor. Bozeman thereupon filed suit against the county for the difference in the acreage. Judgment was rendered for said Bozeman that he recover of the county the sum of $581.86."

On the same subject appellee's brief contains the following statement:

"The appellee sued the appellant for a shortage in acreage of a tract of land sold by appellant to appellee at public auction, and upon findings of fact by the jury in response to special issues the court below entered judgment for appellee against appellant for the sum of $581.60.

"Appellant advertised its tract of land for sale as containing 105 acres. At the sale the commissioners' court, speaking through the county judge as its presiding officer, stated that the exact acreage was not known, but that the land would be sold on the basis of 105 acres, and would be surveyed after the sale, and that said land would be sold with the understanding that, if upon said survey said tract of land was found to contain more than 105 acres, the purchaser would pay appellant for the excess at the price per acre for which said land might sell, while, if the tract contained less than 105 acres, the appellant would make a refund to the purchaser on the same basis. Appellee was the purchaser, and when his deed was delivered to him said tract was described as 99½ acres and appellee at once took the matter up with the commissioners' court, and it was again agreed that said land should be surveyed in accordance with the above understanding; that said survey was made, and it was found that said tract of land only contained 95½ acres. The commissioners' court voted appellee a refund. The county auditor refused to pay said sum, whereupon appellee sued appellant for the amount due."

"Appellee does not assent to appellant's statement of the nature and result of the suit wherein it is stated that appellee accepted a deed conveying to him 99½ acres of land, and that thereafter appellee went to the commissioners and had a verbal agreement with them to have the land surveyed, claiming that he understood that the commissioners would pay him the difference between the 105 acres and the amount of acreage the tract actually contained."

The undisputed proof shows that the commissioners' court of Falls county authorized

the county judge to advertise the property known as the "County Poor Farm" for sale, which the county judge did, describing it as containing 105 acres of land. The trial court submitted the case to the jury upon the following special issues, which they answered as here stated:

"First: In bidding in the land in controversy, did plaintiff, Bozeman, know of and base his bid upon the representation by the selling agent of the county that the tract contained 105 acres, and that, if it should develop that it contained more or less than 105 acres, the sale price would be adjusted at the rate per acre as shown by the bid, or did said plaintiff buy said tract of land in reliance upon his own knowledge or belief as to the size of same and take the risk as to the acreage?

"Answer: Plaintiff, Bozeman, based his bid on representation of the selling agent that the sale price would be adjusted at the rate per acre as shown by the bid.

"Second: Did the plaintiff believe at the time of the sale that the tract of land in controversy contained 105 acres?

"Answer: Yes.

"Third: Did the defendant's selling agent believe at the time of the sale that the tract of land in controversy contained 105 acres?

"Answer: Yes.

"Fourth: How many acres of land was actually contained in the tract sold and delivered by defendant to plaintiff?

"Answer: $95^6/_{10}$.

"Fifth: If your answer to the preceding issue should show a less number of acres than 105, then was there any difference between the total value of the land as actually received by the plaintiff and the total amount paid by him? If so, how much difference?

"Answer: $581.86."

Upon that verdict, the court rendered judgment for the plaintiff for $581.86, and the defendant, Falls county, has appealed.

Opinion.

[1] Over appellant's objection, the court permitted the plaintiff to introduce in evidence the following portion of an order made by the commissioners' court of Falls county at the January term, 1921:

"Refund to W. H. Bozeman on purchase of poor farm. Whereas on the 1st day of October, 1919, the commissioners' court of Falls county sold to W. H. Bozeman the farm known as the 'County Poor Farm' for the sum of $6,500, and W. H. Bozeman paid to Falls county said sum, and whereas the commissioners had advertised said farm as 105 acres, and whereas the said W. H. Bozeman and the commissioners both believed that said farm contained 105 acres, and whereas by a survey made by W. W. Hunnicutt, county surveyor, —— day of ——, 1920, it was found and ascertained that said farm contained only 95½ acres of land."

The order referred to, as well as the testimony relating thereto, showed that the commissioners' court and the plaintiff entered into an agreement by which the county was to pay him the sum of $340.45 in full satisfaction of all of his claim growing out of the shortage in the acreage of the land. Falls county has an auditor, and, when the warrant for the amount referred to was presented to him for countersigning, he declined to do so, because the claim had not been presented to nor passed upon by him before it was presented to the commissioners' court. Thereafter the plaintiff presented to the auditor a claim for the amount sued for in this case, which was rejected by the latter, and after such rejection this suit was brought.

Conceding that the action of the commissioners' court in allowing the plaintiff a certain sum in compromise of his claim against the county was not binding upon the county, because the claim had not been presented to the auditor, still we think the order referred to was admissible as tending to sustain the plaintiff's contention to the effect that the land was sold by the county upon the basis of 105 acres, and with the understanding, found by the jury, to the effect that the plaintiff based his bid on representation of the selling agent, and that the sale price would be adjusted at the rate per acre as shown by the deed.

[2] We also hold that it was permissible for the plaintiff to prove the statements made by the county judge, who acted as auctioneer in selling the land for the county, to the effect that the county guaranteed the acreage of 105 acres, and that the sale would be made upon that basis, with the understanding that, if the acreage was more than that, the purchaser would be required to pay for such excess, and, if it was less, the county would refund at the same rate.

[3] It would have been proper for the trial court to have instructed the jury that the commissioners' court had no authority to bind the county for the payment of the claim sued on, because it had not been approved by the county auditor, and that the evidence heretofore referred to was not admitted upon the theory that it settled the question of the county's liability, but merely in support of the plaintiff's allegations concerning the manner in which the land was sold by the county and purchased by the plaintiff. However, no such instruction was requested, and its omission from the court's charge does not constitute affirmative error.

[4] Both parties have referred to the case of Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872. That case holds that in counties having an auditor the commissioners' court has no jurisdiction to allow a claim until it has been approved by the county auditor; and it is upon that point that appellant's counsel cite the case. It is also there held that, when a claim has been rejected by the county auditor, that is equivalent to a rejection by the commissioners' court where there is no auditor, and that the owner of the claim can

then bring a suit upon it without presenting it to the commissioners' court; and appellee relies upon that holding to sustain the course pursued in this case.

[5] We think the decision supports both contentions, but we are also of the opinion that the plaintiff's petition states a cause of action to the effect that the land was sold by the acre, and as it fell short of the acreage for which the plaintiff paid he was entitled to recover from the county the amount of that shortage. The suit accomplished that result, and, as no reversible error has been shown, the judgment is affirmed.

Affirmed.