## WYATT METAL & BOILER WORKS v. LIPSCOMB, County Auditor.

### No. 4732.

Court of Civil Appeals of Texas. Texarkana.

Oct. 17, 1935.

Rehearing Denied Oct. 24, 1935.

W. M. Harris and Seay, Malone & Lipscomb, all of Dallas, for plaintiff in error.

Cunningham & Lipscomb, of Bonham, for defendant in error.

SELLERS, Justice.

In 1931 Wyatt Metal & Boiler Works sold and delivered to three of the county commissioners of Fannin county metal culverts, the price of the culverts being something over $11,000. In February, 1932, a claim against Fannin county was filed with Smith S. Lipscomb, the duly appointed county auditor, for approval covering said culverts, which claim was not allowed or approved by said auditor for the reason that said culverts had not been purchased by Fannin county in accordance with the law in that the commissioners' court had passed no order authorizing the purchase of such material, and there had been no advertisement for bids for such material.

After the representative of the Wyatt Metal & Boiler Works had failed to secure an approval of the claim by the county auditor, and after it had been determined by all concerned that the individual commissioners had no authority to bind the county in the purchase of culverts in the above amount, the commissioners' court in May, 1932, passed an order directing the county auditor to advertise for bids for culverts, and the advertisement as drawn by the representative of the Wyatt Metal & Boiler Works was as follows:

"Notice to Culvert Dealers.

"The County Auditor of Fannin County will receive sealed bids until June 13, 1932, at 10:00 o'clock, A. M., for copper Mo-lyb-den-um Iron Culverts. The Commissioners' Court reserves the right to reject any and all bids.

"Smith S. Lipscomb, County Auditor."

In answer to this advertisement, several bids were received, including the bid of Wyatt Metal & Boiler Works, whose bid was considerably more than the others. It is contended, however, that its bid was for the identical material advertised for, whereas the other bids were for a culvert made of material not advertised for. The commissioners' court accepted the bid of the Wyatt Metal & Boiler Works and ordered the culverts shipped freight prepaid and authorized said company to add the amount of the freight to its invoices. No culverts were shipped in compliance with this order, but a claim was filed with the auditor for the same culverts which had been shipped to the individual commissioners in 1931. This claim was refused by the auditor for the reason that the material had not been lawfully acquired. The price paid had never been submitted to him before it was bought and approved by the commissioners' court; that the bid was not the lowest and best bid; that there had been no material at all delivered since the bid was made; that there had never been any requisition for any of the material signed by any commissioner or approved by the county judge or approved by the county auditor, and for the further reason that, in his judgment and discretion in the matter, the claim should not be approved. Notwithstanding the auditor's refusal to approve the claim, the county commissioners' court approved the same and ordered the county auditor to issue an interest-bearing warrant in settlement of it. The auditor having refused to approve the claim and to issue the warrant, this suit was brought in the district court of Fannin county by the Wyatt Metal & Boiler Works to mandamus the county auditor of Fannin county and require his approval of the claim and to require him to countersign the warrant in payment of such claim.

On the hearing before the court judgment was entered denying the Wyatt Metal & Boiler Works the relief prayed for, to which judgment said company excepted and has duly prosecuted its appeal to this court by writ of error.

We have concluded that the trial court entered the proper judgment in this case. In counties having a county auditor, as in this case, all claims against the county of the class here involved are required to be filed with the auditor and approved by him before the same may be allowed by the commissioners' court of the county, and if the account is not approved by the county auditor, the commissioners' court has no jurisdiction to allow the claim. Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872; Falls County v. Bozeman (Tex. Civ. App.) 249 S. W. 890; Yantis v. Montague County, 50 Tex. Civ. App. 403, 110 S. W. 161. And it is held that an order of the commissioners allowing a claim after it has been rejected by the county auditor is void. Anderson v.

Ashe, supra. Likewise, it is held that a claimant's right to bring suit against the county on his claim is the same when the claim has been rejected by the county auditor as it is when the claim has been rejected by the commissioners' court in counties which have no auditor. Falls County v. Bozeman, supra; Anderson.v. Ashe, supra. In the light of the above authorities, it is clear that the plaintiff in error had a right to file suit to establish its claim against the county when the auditor refused to approve its claim, but the courts will not compel by mandamus an auditor to approve such a claim. Anderson v. Ashe, supra. It seems to this court that the county auditor acted wisely in refusing to approve the claim of plaintiff in error under the facts as disclosed by the record, a part only of which was set out above. Such facts show a total disregard for the law with respect to the purchase of supplies for the county, and by refusing to approve the claim, plaintiff in error was relegated to the courts where all parties rights may be determined and allowed in accordance with all of the facts developed on a hearing. The relief sought in this proceeding is a mandamus only, and we are not here concerned nor called upon to determine the rights of plaintiff in error to any other relief. To grant the mandamus in this suit would have the effect of forcing Fannin county to pay a claim which had not been approved by any one with power ·to allow the same, since such claim was rejected by the county auditor and the commissioners' court had no jurisdiction to allow it, and their attempted approval was a nullity.

The judgment of the trial court refusing the mandamus is affirmed.