

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

January 7, 1955

Honorable Sam Burris　　　　　　　Opinion No. S-149
District Attorney
79th Judicial District　　　　　Re: Duties of County Auditor,
Alice, Texas　　　　　　　　　　　　　approving claims, bills
　　　　　　　　　　　　　　　　　　　and accounts against the
　　　　　　　　　　　　　　　　　　　county and related ques-
Dear Mr. Burris:　　　　　　　　　　tions.

　　　　　You have requested an opinion on the following
questions:

　　　　　1. Are the provisions of Articles 1660
and 1661 of Vernon's Civil Statutes, providing
that all bills and accounts shall be examined
and approved by the County Auditor and that all
warrants on the County Treasurer except warrants
for jury service must be signed by the County
Auditor, mandatory?

　　　　　2. If claims are paid by the Commissioners'
Court without the approval of the County Auditor,
will it constitute an unlawful expenditure of county
funds?

　　　　　3. If warrants other than warrants for
jury service are issued on the County Treasurer
without being countersigned by the County Auditor,
is the County Depository authorized to cash such
warrants?

　　　　　4. May moneys paid out on bills not approved
by the County Auditor be recovered by the county?

　　　　　5. May moneys paid out on warrants not
countersigned by the County Auditor be recovered?

　　　　　The office of County Auditor was originally created
by the Legislature in 1905 by the enactment of the provisions
of Senate Bill 258, Acts of the 29th Legislature, Regular
Session, 1905, Chapter 161, Page 381. Section 1 of the
original Act required each county having therein a city with
a population of 25,000 or over to have a County Auditor.
Section 2 provided that the Auditor shall be appointed by the
Judges of the County and District Courts having jurisdiction

in the county.  Section 12 provided that:

> "All warrants on the county treasurer,
> except warrants for jury service, must be
> countersigned by the county auditor. . . "

Section 15 provided:

> "All claims, bills and accounts against the
> county must be filed in ample time for the auditor
> to examine and approve same before the meetings of
> the commissioners court, and no claim, bill or
> account shall be allowed or paid until same shall
> have been examined and approved by the county auditor.
> It shall be the duty of the auditor to examine and
> stamp his approval thereon.  If deemed necessary all
> such accounts must be verified by affidavit touching
> the correctness of same before some person authorized
> to administer oaths, and the auditor is hereby
> authorized to administer oaths."

A study of the original Act together with the various amendments to date reveals that the legislative purpose in creating the office of County Auditor was to provide a democratic system of checks and balances in relation to county finances. Therefore, the appointment was left to the Judges having jurisdiction in the county rather than the Commissioners' Court.  The statutory duties prescribed for the County Auditor are first, to assist in the preparation of the county budget and second, to act as a watchdog over the county funds.

If a Commissioners' Court could capriciously refuse to seat the County Auditor or abolish the office of County Auditor as was attempted in Duval County, (In <u>Dan Tobin, Jr. et al v. Donato Serna</u>, now pending in the Court of Civil Appeals for the Fourth Supreme Judicial District, the trial court enjoined the County Judge and County Commissioners of Duval County from interfering with Donato Serna's occupancy and enjoyment of the office of County Auditor of Duval County or from preventing him from assuming the duties of County Auditor of Duval County to which office he had been appointed by the District Judge) it would be a mockery of not only the purpose of this useful and worthwhile office, but would in fact allow the Commissioners' Court to dictate to the person who would be checking upon it.  The history of the legislative enactments reveal that the Legislature has never permitted this to happen.  As you will recall, during the past year in Duval County we have seen the amazing philosophy advanced that those charged and under investigation should be allowed to sit on the grand jury actually investigating themselves, and that

they should be prosecuted by a person of their own choice and selection as well as to be tried by a Judge of their own choice and selection.

In answering your questions, it must be kept in mind the legislative purpose and history in the creation of the office of County Auditor and his statutory duties prescribed by the Legislature. Article 1645, Vernon's Civil Statutes, requires that Duval County have a County Auditor.

Articles 1660 and 1661 of Vernon's Civil Statutes contain almost the identical language contained in the original 1905 Act above quoted. These Articles now provide:

Article 1660.

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

Article 1661.

"He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor."

Article 1660 specifically prohibits the payment of any claim, bill or account until it has been approved by

the County Auditor. Article 1661 requires that all warrants on the County Treasurer except warrants for jury service be countersigned by the County Auditor. The language in these Articles is written in mandatory terms and it is our opinion that its provisions are mandatory.

Since Article 1660 prohibits any claim, bill or account from being paid until it has been examined and approved by the County Auditor, payment of such claims would constitute an unlawful expenditure of county moneys if the same has not been approved by the County Auditor. Wyatt Metal & Boiler Works v. Lipscomb, 87 S.W.2d 331 (Tex.Civ.App. 1935, error ref.).

In Wyatt Metal & Boiler Works v. Lipscomb, supra. the Court stated:

". . . . In counties having a county auditor, as in this case, all claims against the county of the class here involved are required to be filed with the auditor and approved by him before the same may be allowed by the commissioners' court of the county, and if the account is not approved by the county auditor, the commissioners' court has no jurisdiction to allow the claim. Anderson v. Ashe, 99 Tex. 447, 90 S.W. 872; Falls County v. Bozeman (Tex.Civ.App.) 249 S.W. 890; Yantis v. Montague County, 50 Tex.Civ. App. 403, 110 S.W. 161. And it is held that an order of the commissioners allowing a claim after it has been rejected by the county auditor is void. Anderson v. Ashe, supra. Likewise, it is held that a claimant's right to bring suit against the county on his claim is the same when the claim has been rejected by the county auditor as it is when the claim has been rejected by the commissioners' court in counties which have no auditor. Falls County v. Bozeman, supra; Anderson v. Ashe, supra. In the light of the above authorities, it is clear that the plaintiff in error had a right to file suit to establish its claim against the county when the auditor refused to approve its claim, but the courts will not compel by mandamus an auditor to approve such a claim. Anderson v. Ashe, supra. It seems to this court that the county auditor acted wisely in refusing to approve the claim of plaintiff in error under the facts as disclosed by the record, a part only of which was set out above. Such facts show a total disregard for the law with respect to the purchase of supplies for the county, and by refusing to approve the claim, plaintiff in error was relegated to the courts where all parties rights may be

determined and allowed in accordance with all of the
facts developed on a hearing.  The relief sought
in this proceeding is a mandamus only, and we are not
here concerned nor called upon to determine the rights
of plaintiff in error to any other relief.  To grant
the mandamus in this suit would have the effect of
forcing Fannin county to pay a claim which had not
been approved by anyone with power to allow the
same, since such claim was rejected by the county
auditor and the commissioners' court had no juris-
diction to allow it, and their attempted approval
was a nullity."

In order to insure the county against the unlawful
expenditure of county funds, the Legislature has provided in
Article 1661 that all warrants except warrants for jury ser-
vice must be countersigned by the County Auditor.  Therefore,
any warrant not countersigned by the County Auditor is
invalid.

Such invalid warrant may not be cashed by the
County Depository and the cashing of an invalid warrant by
the Depository would constitute negligence on the part of
the County Depository as a matter of law.  Padgett v. Young
County, 204 S.W. 1046 (Tex.Civ.App. 1918, error dism. 111
Tex. 98, 229 S.W. 459).

In view of the foregoing, we answer your questions
specifically as follows:

1.   The provisions of Article 1660 and 1661,
Vernon's Civil Statutes, are mandatory.

2.   The payment of claims, bills or accounts
which have not been examined and approved by the County
Auditor constitutes unlawful expenditure of county funds.

3.   The County Depository is not authorized to
cash warrants other than warrants for jury service which have
not been countersigned by the County Auditor.

4.   Moneys paid out on claims, bills, or accounts
which have not been approved by the County Auditor may be
recovered by the county.

5.   Moneys paid out on warrants which have not
been countersigned by the County Auditor may be recovered.

## SUMMARY

The provisions of Articles 1660 and 1661 Vernon's Civil Statutes, are mandatory and require the payment of claims, bills or accounts against the county to be examined and approved by the County Auditor and require that all warrants on the County Treasurer except warrants for jury service to be countersigned by the County Auditor. Moneys paid out on claims, bills or accounts which have not been approved by the County Auditor and moneys paid out on warrants which have not been countersigned by the County Auditor may be recoverd.

Yours very truly,

John Ben Shepperd
Attorney General

John Reeves
Assistant