

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 7, 1965

Overruled By:

# __JM-784__
__IN PART__

Honorable Wallace Shropshire
County Attorney
Travis County
Austin, Texas

Opinion No. C-499

Re: Whether or not county funds
may be transferred from an
existing line item in the
county budget to another
existing line item and re-
lated questions concerning
the amendment of the county
budget.

Dear Mr. Shropshire:

This office is in receipt of your letter of August 10,
1965, wherein you request our opinion on various questions in-
volving amendment of the county budget under the Texas Budget
Law. We quote the questions posed by you as follows:

"1. Where all of the budgeted funds for a
particular line item or object have been expended
but there is a surplus in other line item accounts
in the Department budget, what is the proper pro-
cedure to be followed by the Commissioners' Court
in transferring funds from the surplus accounts to
the depleted account: (Can these funds be trans-
ferred from the budget of one Department to another
Department?)

"(a) Is it necessary for the Court to declare
an emergency as set out in Art. 689a-11?

"(b) Or may the Court simply enter an order
authorizing the County Auditor to affect the trans-
fer of these funds as might be indicated by Art.
689a-20?

"(c) If (b) is permissible should a formal order
be drawn or will a mere entry on the minutes of the
Court showing what was done suffice?

". . .

"2. (a) What is the proper procedure to be
followed in amending the budget so as to create a
new object or line item which was not budgeted
originally but for which new object surplus funds
are available in other budgeted line item accounts?

What is the procedure where <u>new objects</u> or expenditures exceeds the budget?

"(b) Will a declaration of emergency by the Commissioners' Court as set out in Article 689a-11 suffice to accomplish such a transfer?

". . .

"3. (a) Where the county has incurred obligations for expenditures which were not in the budget when it was adopted and without prior authorization of the Commissioners' Court, will the subsequent authorization of payment by the Commissioners' Court be tantamount to a budget amendment or must the Commissioners' Court adopt the proper budget amendment or change to affect the amendment just as if the obligation had not yet been incurred?

"(b) Is it the duty of the Auditor to inform the Commissioners' Court that a bill presented by him for payment is authorized within the budgeted funds and that there is sufficient appropriated funds available to pay same?

"(c) Can the Auditor approve a bill for presentment to the Commissioners' Court for payment if there is no authorized budgeted appropriation or if the budgeted appropriation has been depleted?

". . ."

In considering your questions, we quote the following pertinent statutes from the Texas Budget Law. Article 689a-11, Revised Civil Statutes of Texas, in part reads:

"The Commissioners' Court in each county shall each year provide for a public hearing on the county budget -- which hearing shall take place on some date to be named by the Commissioners' Court subsequent to August 15th and prior to the levy of taxes by said Commissioners' Court. Public notice shall be given that on said date of hearing the budget as prepared by the County Judge will be considered by the Commissioners' Court. Said notice shall name the hour, the date and the place where the hearing

shall be conducted. Any taxpayer of such county shall have the right to be present and participate in said hearing. At the conclusion of the hearing, the budget as prepared by the County Judge shall be acted upon by the Commissioners' Court. The Court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayer demand. When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

Article 689a-20, Revised Civil Statutes of Texas, reads as follows:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in the budget for school purposes; and the duties required by virtue of this Act of State, County, City and School Officers or Representatives shall be performed for the compensation now provided by law to be paid said officers respectively." (Emphasis added.)

We note that one of the purposes of the budget law is to effectively discourage and prevent deficit spending by counties, in accordance with the public policy of the state, as established by Section 7 of Article XI, of the Texas Constitution. McClellan v. Guerra, 152 Tex. 373, 258 S.W.2d 72, (1953).

Section 11 of Article 689a requires that no funds of the county shall be expended except in strict compliance with the budget as adopted by the Court. This section, however, does authorize amendments to the budget for emergency expenditures in cases of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget.

Section 20 of Article 689a expressly authorizes the Commissioners to make changes in the county budget for county purposes. However, these changes are limited to changes within the objects covered by the budget. Rains v. Mercantile National Bank of Dallas, 188 S.W.2d 798, (Tex.Civ.App. 1945), affirmed 144 Tex. 490, 191 S.W.2d 850 (1946); Southland Ice Co. v. City of Temple, 100 F.2d 825 (5th Cir. 1939). It was held in Attorney General's Opinion No. O-1053 that Section 20 of Article 689a does not authorize the Commissioners' Court to increase the budget after its adoption.

It is our opinion that the Legislature intended for the restrictions in Section 11 of Article 689a to apply to situations where new items were added to the original budget which would require an increase in the original budget. This reasoning is in keeping with the purposes of the budget as outlined above. In the Rains case, the Court in distinguishing between the provisions of Section 11 and Section 20 of Article 689a said:

> "The quoted portion of Art. 689a-11 and Art. 689a-20 seems to be the only provisions relating to amendment of the budget. Art. 689a-11 is very specific as to when the county budget may be amended and the steps to be taken to make the amendment. It is thought that the restriction as to amendment applies only when new or additional expenditures not provided for in the original budget are sought to be added by amendment. Under Art. 689a-20, subject to limitation of Art. 689a-11, a county budget may be amended at any time. The limitation of expenditures provided for by the second amendment to the County budget was not such as comes within the limitation provided in Art. 689a-11." (Emphasis added.)

As will be noted from the above quote, the Court refers to the "change" in Article 689a-20 as an "amendment". It also points out that "amendment under Section 11" and "amendment under Section 20" of Article 689a are different.

Based on the above discussion, we now pass to the questions under question 1. We are of the opinion that where all of

the budgeted funds for a particular line item have been expended, but there is a surplus in other line item accounts in the department budget, and the Commissioners' Court reallocates the funds, transferring funds from the surplus line item account to the depleted line item account, this would require an amendment to the budget as contemplated by Section 20 of Article 689a.  Also, it is our opinion that funds may be transferred from the budget of one department to the budget of another.  However, Constitutional funds may not be transferred in contravention of Section 9 of Article VIII of the Texas Constitution.  The transferring of the funds in both instances above do not require new expenditures not included in the original budget, therefore, the provisions of Section 11 of Article 689a are not applicable.

It is our opinion that the correct procedure in transferring the funds in the above two situations would be to amend the budget. However, this would not require the existence of an emergency as contemplated by Section 11 of Article 689a.  An order of the Commissioners' Court showing how the funds were reallocated and showing that the budget was amended would, in our opinion, suffice to affect the amendment of the budget under the above situations.

In answer to your questions in question 2, we are of the opinion that where a new line item which was not budgeted originally, but for which new object funds are available in other budgeted accounts, the budget must be amended as contemplated by Section 11 of Article 689a to transfer funds to the new item account.  In the Southland Ice Co. case, the Court said at page 829:

> "The city could not transfer funds and apply them
> to a new object not mentioned in the budget, there be-
> ing no emergency.  . . ."

As can be seen from the above quote, an emergency must exist as contemplated by Section 11 of Article 689a in order to amend the budget and transfer such funds.

The correct procedure to amend the budget under the circumstances of question 2 would be for the Commissioners' Court to enter an order, setting forth how the budget is to be amended, finding an emergency to exist, that a grave public necessity exists to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention have been included in the original budget.  A copy of such order should be filed with the County Clerk and attached to the budget originally adopted.

In answer to your first question under question 3, we are of the opinion that where the county incurred obligations for expenditures which were not in the budget when originally adopted, the Commissioners' Court could thereafter amend the budget to include these obligations.  In Morrison v. Kohler, 207 S.W.2d 951 (Tex. Civ.App. 1947, error ref. n.r.e.), the Court said at page 958:

> "We cannot agree with appellants' contention that the Order of the Commissioners' Court of December 9, 1946, amending the budget for the several commissioner's road precincts is void for the reason that on such date no emergency then existed authorizing such amendment because the services of the engineers, for which the amendment was made to cover, had already been performed.  We find nothing in the budget law requiring the budget be amended at the time or before an obligation not included in the budget could be legally assumed. We feel that it would be altogether too strict a construction to place upon the provisions of the budget laws governing counties to require that the budget should be amended at the time the obligation was incurred.  On the contrary we believe that the Commissioners' Court in amending any budget to cover any item of expense not already covered in the original budget should be controlled by the facts and circumstances as existed at the time the obligation was incurred or assumed.  . . ."

We are further of the opinion that in order to legally pay these incurred obligations which were not included in the original budget, the budget must be amended as contemplated by Section 11 of Article 689a.  Under this section, this would require the existence of an emergency.

As to the duties of the County Auditor, Article 1651, Revised Civil Statutes of Texas, makes it his duty to "see to the strict enforcement of the law governing county finances."  As held by this office in Opinion No. 0-6220 (1944), this duty would include the enforcement of the terms and provisions of the county budget.

In answer to your question (b) under question 3, we are of the opinion that the Auditor does inform the Commissioners' Court that a bill is authorized by budgeted funds and that there are funds available to pay the bill when he approves same.  The Commissioners' Court has no jurisdiction to allow the bill or claim without the approval of the Auditor.  Wyatt Metal & Boiler Works v. Lipscomb, 87 S.W.2d 331, (Tex.Civ.App. 1935, error ref.).  To answer the (c) portion of your third question, we are of the opinion that the Auditor should not approve a bill for presentment to the Commissioners'

Court if there is no budgeted appropriation or if the budgeted appropriation has been depleted. Article 1666, Revised Civil Statutes of Texas, provides as follows:

"He shall prepare an estimate of all the revenues and expenses, and annually submit it to the Commissioners Court, which Court shall carefully make a budget of all appropriations to be set aside for the various expenses of the county government in each branch and department. He shall open an account with each appropriation in said budget, and all warrants drawn against same shall be entered to said account. He shall carefully keep an oversight of same to see that the expenses of any department do not exceed said budget appropriation, and keep said court advised of the condition of said appropriation accounts from time to time." (Emphasis added.)


S U M M A R Y

1. One of the purposes of the budget law is to effectively discourage and prevent deficit spending by counties, in accordance with the public policy of the state, as established by Constitutional Article 11, Sec. 7.

2. An amendment to the budget is required as contemplated by Section 20 of Article 689a when Commissioners' Court reallocates funds, transferring funds from a surplus line item account to a depleted line item account in the same department.

3. The transferring of funds from one department to another is authorized and requires an amendment as contemplated by Section 20 of Article 689a.

4. Correct procedure in amending budget under Section 20 of Article 689a would be for the Commissioners' Court to enter an order amending the budget and showing how the funds were reallocated.

5.   An amendment to the budget is required as contemplated by Section 11 of Article 689a where funds are transferred from surplus new object funds to new line item object not originally budgeted.

6.   Correct procedure in amending county budget under Section 11 of Article 689a is for the Commissioners' Court to enter an order setting forth how budget is to be amended, declaring an emergency, finding that grave public necessity exists to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention have been included in original budget, file copy of such order with County Clerk and attach such copy to budget originally adopted.

7.   Budget may be amended so as to include obligations incurred before budget was adopted.

8.   Budget must be amended as contemplated by Section 11 of Article 689a in order to include obligations incurred by county which were not included in original budget.

9.   Duties of County Auditor would include the enforcement of the terms and provisions of the county budget.

10.   When Auditor approves claim or bill, he does inform Commissioners' Court that bill is authorized by budgeted funds and that there are funds available to pay such bill.

11.   Auditor should not approve bill for presentment to Commissioners' Court if there is no budgeted appropriation for such bill or if the budgeted appropriation has been depleted.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Dean Arrington*

Dean Arrington
Assistant

DA:ra:zt

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman

John Reeves
Grady Chandler
Ivan Williams
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright