

THE ATTORNEY GENERAL

OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 1, 1970

This Opinion
Overrules Opinion
, O-2419 6-1-56
u. 11c - 245

Honorable Jules Damiani, Jr.
District Attorney
405 County Courthouse
Galveston, Texas 77550

Opinion No. M- 680

Re: Questions relating to the
authority of the County to
pay certain travel expenses

Dear Mr. Damiani:

You have requested the opinion of this office upon the following questions:

(1) "Does the Commissioners Court have the authority to authorize travel expenses of another county official (District Clerk), said expenses being incurred while not engaged in the performance of his official duties imposed upon him by law?"

(2) "Does the Commissioners Court have authority under Article 6145. 1, V. C.S., (County Historical Survey Committee) to authorize travel expenses outside the County for the Chairman of said Historical Survey Committee?"

(3) "Does the Commissioners Court have authority under Article 6081e, V. C.S., (acquisition of lands and buildings for parks, playgrounds, historical museums, and sites), to authorize travel expenses of certain members of a County Museum Board, said Board being appointed by the Commissioners Court to administer, manage, and set policies for a county museum?"

GENERAL STATEMENTS

The County Auditor has refused to approve these claims for travel expenses even though in each instance they were authorized by the Commissioners Court. We hold, on the face of the record before us, that in each instance the Commissioners Court had jurisdiction of the subject matter and that each claim is reasonably supported by some evidence. Each was incurred in the operation and putting into effect of specific statutory powers conferred upon that Court. We hold that they are valid claims and should be paid.

-3246-

We realize that the approval of the County Auditor is required before an order may be entered directing the payment of a claim. Articles 1660, 1661, Vernon's Civil Statutes; Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872 (1906); Wyatt Metal & Boiler Works v. Lipscomb, 87 S. W. 2d 331 (Tex. Civ. App. 1935, error ref.) One of his duties is to determine that each claim allowed by the Commissioners' Court has been contracted as provided by law; if he rejects a claim, then the trial court of competent jurisdiction must pass upon and approve the claim before it can be paid.

We have not found a Texas court decision which declares the weight of consideration to be given to the orders of the Commissioners Court which authorized the travel expenses, as in the questions under consideration, where the County Auditor refuses to approve the claims for these expenses after they were incurred, and prior to the filing of suit on the claims. However, even in a direct attack in a court proceeding to enforce a claim, an appellate court has held that the order of the Commissioners Court was admissible ". . . as tending to sustain. . ." its statements of contract. Falls County v. Bozeman, 249 S. W. 890 (Tex. Civ. App. 1923, no writ); 15 Tex. Jur. 2d 378, Counties, Sec. 159. The approval or rejection of the claims under consideration, whether by the Court or by the Auditor, involves the exercise of discretion.

The jurisdiction of the Commissioners Court to authorize, in the first instance, the travel expenses, was not subject to approval of the auditor.

> ". . . Jurisdiction is the power to decide, and not merely the power to decide correctly. . ."
> Aluminum Co. of America v. Mineral Holding Trust, 157 Tex. 54, 299 S. W. 2d 279, 283 (1957).

The authority of the County Auditor and his duties under Article 1660 appears to be in the nature of a concurrent jurisdiction rather than appellate jurisdiction based only upon the record presented to him. 15 Tex. Jur. 2d 377, Counties, Sec. 159.

Pursuant to these propositions, our opinion is that the original discretion exercised by the Commissioners Court in first authorizing each of the claims is to be presumed to be correct and should be sustained, if possible, to the same extent and to the same effect, under the fact situation before us, as though the Attorney General were a reviewing court. In this context the following principles of review applicable to orders of Commissioners Courts seem to be well established. They are:

First: The Commissioners Court does not have general authority over county business, but, on the contrary, has only such powers as are conferred upon it by the Constitution and statutes, either expressly or by necessary implication. Childress County v. State, 127 Tex. 343, 92 S. W. 2d 1011 (1936); Mills County v. Lampasas County, 90 Tex. 603; 40 S. W. 403 (1897); Canales v. Laughlin, 147 Tex. 169; 214 S. W. 2d 451 (1948); Anderson v. Wood, 137 Tex. 201; 152 S. W. 2d 1084 (1941); Von Rosenberg v. Lovett, 173 S. W. 508 (Tex. Civ. App. 1915, error ref.).

Second: The principle stated in the case of Yoakum County v. Gaines County, 139 Tex. 442, 163 S. W. 2d 393 (1942):

> "Our courts have repeatedly held that the judgments
> of commissioners' courts, in all matters over which
> they are given jurisdiction, are entitled to the same
> consideration as those of other courts provided for
> by the Constitution; and that such judgments are not
> subject to collateral attack, and are reviewable
> only upon appeal or in a direct action for that purpose,
> in the absence of a showing of gross abuse or discre-
> tion, or of fraud or collusion or lack of jurisdiction.
> . . ." (at p. 396) [Emphasis added.]

In accord, West Production Co. v. Penn, 131 S. W. 2d 131 (Tex. Civ. App. 1939, error ref.).

Third: All presumptions are in favor of the validity of the acts of commissioners courts. Bexar County v. Hatley, 136 Tex. 354, 150 S. W. 2d 980 (1941); Anderson v. Parsley, 37 S. W. 2d 358 (Tex. Civ. App. 1931, error ref.)

Fourth: The necessity for a matter within its jurisdiction is peculiarly within the discretion of the Commissioners Court, and the courts will not disturb the exercise of that discretion except upon a showing of a gross abuse of discretion. Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S. W. 2d 333, 340 (1961); Dancy v. Davidson, 183 S. W. 2d 195 (Tex. Civ. App. 1944, error ref.); Lasater v. Lopez, 202 S. W. 1039, 1047-48 (Tex. Civ. App. 1918, aff. 110 Tex. 179, 217 S. W. 373); Wright v. Allen, 257 S. W. 980, 986 (Tex. Civ. App. 1924, error ref.); Rodriguez v. Vera, 249 S. W. 2d 689, 692 (Tex. Civ. App. 1952, no writ).

## ANSWERS TO YOUR QUESTIONS

### 1.

The facts presented to us relating to your first question are as follows: Prior to the travel in question the Commissioners Court of Galveston County on December 8, 1969 entered in its Minutes its official order authorizing travel to and return from Washington, D. C. of the County Judge, the Acting Director of the local health unit, another physician, and Mr. V. J. Beninati, Jr. This group went to Washington to appear before an Assistant Secretary in the U. S. Department of Health, Education and Welfare in support of the application of the county for federal funds for its Community Health Clinic pursuant to a plan which had been approved by the Texas State Department of Health. Mr. Beninati was requested to appear in Washington as a Board Member of the Community Action Council, and the Commissioners Court authorized his travel and appearance in that capacity as an expert witness. The fact that he was District Clerk for Galveston County was wholly coincidental.

Local health districts and health units are authorized under Articles 4436a-1 and 4447a. The state approved plan implemented by the county for which the federal funds were sought was within the scope of these statutes. These statutes, involving the advancement of public welfare and being regarded as humanitarian and beneficial, are to be given a liberal or comprehensive construction to promote the public interest or welfare. Board of Ins. Com'rs. v. Great Southern Life Ins. Co., 150 Tex. 258, 239 S. W. 2d 803, 809 (1951). In Monghan v. Van Zandt County, 3 Wilson Civil Cases page 242, Section 198 (Ct. of App. 1886) the court said,

> ". . . Counties are required to provide for the support
> of their paupers. 'Support' as here used means more
> than supplying them with food and clothing and a house
> to stay in. It means all that is necessary to bodily
> health and comfort, and especially does it include proper
> care, attention and treatment during sickness. This is
> a supreme obligation of humanity, independent of any
> statutory mandate. . . ." (at p. 242)

Accord: 82 C. J. S. 916, Statutes, Sec. 387, note 49; 70 C. J. S. 12, Paupers, Sec. 3 4.

The use of these federal funds comports also with the duty imposed upon Commissioners Courts by Article 2351, subdivision 11, to "Provide for the support of paupers. . .". Pursuant to this statute this office has held that a Commissioners Court is empowered to enter into contracts with the United States Government to administer the Concentrated Employment Project under the Manpower Development and Training Act (MDTA) and the Economic Opportunity Act (EOS). Attorney General's Opinion Number M-605 (1970). Under both that Opinion and the facts presently under consideration the funds available relate to proverty and indigent care under this Article 2351, subdivision 11. We hold that the Commissioners Court had jurisdiction to act in order to receive these funds under the HEW program for the operation of health clinics for poverty areas.

In the case of Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S. W. 2d 333 (1961) the court upheld the authority of the Commissioners Court to employ experts to assist it, and said.

> "Admittedly the Commissioners' Court is not expressly clothed with constitutional or statutory authority to contract for the services detailed in this agreement, but we think that the authority is implied from the powers that have been expressly granted to the duties imposed upon this body by law." (at p. 334) [Emphasis added.]

That Court had theretofore held that the Commissioners Court, under certain statutes, had necessarily implied powers. Canales v. Laughlin, 147 Tex. 169, 214 S. W. 2d 451 (1948) (Supra)

2.

Your second question concerns expenses of the County Historical Survey Committee appointed pursuant to Article 6145-1. The statute reads as follows:

> "Section 1. The county judge may, during the month of January of odd-numbered years, appoint a County Historical Survey Committee, to consist of at least seven (7) residents of the county who have exhibited interest in the history and traditions of the State of Texas, for a term of two (2) years. The county is hereby authorized to pay the necessary expenses of such committee. Such committees as are appointed shall institute and carry out a survey

> of the county to determine the existence of historical buildings, battlefields, private collections of historical memorabilia, or other historical features within the county, and shall thereafter continue to collect data on the same subject as it may become available. The data collected shall be made available to anyone interested therein, and especially to the Commissioners Court and to the Texas State Historical Survey Committee. This Committee shall make any recommendations concerning the acquisition of property, real or personal, which are of historical significance, when requested to do so by the Commissioners Court." [Emphasis added.]

The Chairman of the County Historical Survey Committee attended the ceremony in Austin, Texas, at which the Governor's Mansion was designated a Texas Historical Landmark. She was invited by the Governor and the Texas State Historical Survey Committee to be their special honored guest; at the ceremony she was recognized and honored as the outstanding County Chairman of 1968. The trip and payment of these expenses were specifically authorized by the Commissioners Court.

Payment of travel expenses for out-of-county travel by members of the Historical Survey Committee is authorized where the travel is related to the statutory purpose of the committee.

We are unable to say, from the facts submitted us, that the travel and expense in question could not be found by the Court to be reasonably and necessarily incident to the functioning of the Chairman of the Committee in her official status. Fact determinations such as these must necessarily encompass a wide range of discretion. We cannot substitute our discretion for that of the Court; nor can we hold that the facts show a clear abuse of discretion by the Court. No question of extra or dual compensation arises, since it is settled that travel expense does not constitute salary or compensation. Terrell v. King, 118 Tex. 237, 241, 14 S.W. 2d 786, 791 (1929). Attorney General's Opinion No C-527 (1965).

Our opinion is, until a showing is made of an abuse of discretion or of fraud or collusion on the part of the Commissioners Court, that this is a valid claim.

3.

Your third question concerns the Commissioners Court's authorizing the travel expenses of three members of the County Museum Board to attend a. workshop meeting in Dallas, Texas, dealing with the operation of small museums.

Article 6081e clearly authorizes the Commissioners Court to acquire land and buildings for the purposes of historical museums and provides for their control and management by the County. Section 3 of this Article reads, in part, as follows:

> ". . . All historic or prehistoric sites, historical museums of historically significant objects acquired by authority of this Act shall be under the control and management of the city or county acquiring same or by the city and the county jointly, where they have acted jointly in acquiring same." [Emphasis added.]

In carrying out the specifically granted statutory authority to acquire, control, and manage a County museum, the Commissioners Court has the implied power and authority to create a means of management of the museum by the appointment of a Museum Board or the employment of a curator or other agents, so long as the Court does not relinquish or divest its statutory duty of control and management. The law does not require that the Commissioners Court, in the exercise of its statutory power and authority to manage and operate a museum, must exercise all aspects of such management personally. In Hill v. Sterrett, 252 S.W. 2d 766, (Tex. Civ. App. 1952, error ref. n.r.e.), the Court said:

> ". . . It is further well settled that the Commissioners' Court may employ persons to assist even an officer in the performance of statutory duties; Terrell v. Greene, 88 Tex 539, 31 S.W. 631; or to perform services which do not involve the exercise of any governmental function; Stringer v. Franklin County, supra (58 Tex. Civ. App. 344, 123 S.W. 1168) . . . " (at p. 770).

In accord with this principle, see Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634 (1888), holding it to be the duty of the Commissioners' Court

". . . to select themselves such agents as may be necessary to assist them in the discharge of their functions. . ." See also 47 Tex. Jur. 2d 150, Public Officers, Section 114.

The specific statutory authority granted to a county by Article 6081e to acquire, control, manage, operate and maintain, for the use of the public, a county museum, by necessary implication authorizes the Commissioners Court to pay the necessary and reasonable expenses incident to those duties. When that Court finds that travel expenses of persons entrusted with the management and operation of the museum were reasonable and necessarily incident to their official duties, then we hold that the Court may legally authorize payment of those expenses. The authorities cited in the preceding portion of this opinion support this holding.

4.

Any prior opinions of this office, if any, contrary to our holdings in this opinion, are hereby overruled.

## SUMMARY

Under the facts submitted:

(1) Under Articles 4436a-1 and 4447a and 2351, Sec. 11, V.C.S., the Commissioners Court had implied authority to authorize travel expenses of an expert witness to appear at an HEW Committee hearing in Washington, D.C. to give evidence of the need of federal funds in certain poverty areas in the county.

(2) Under Article 6145.1, V.C.S., the Commissioners Court had implied authority to authorize travel expenses for the Chairman of the County Historical Survey Committee necessary to the performance of his duties in that capacity.

(3) Under Article 6081e, V.C.S., the Commissioners Court had implied power to create a Museum Board to manage a County Museum and to pay travel expenses of the Board Members in carrying out their duties in those capacities.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-3253-

Prepared by E. L. Hamilton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
William Craig
James Quick
R. D. Green

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant